J-S55012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DOMINIQUE LEE MOFFATT | : | |
| | : | |
| Appellant | : | No. 699 WDA 2020 |

Appeal from the PCRA Order Entered June 23, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000046-2014

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 5, 2021**

Dominique Lee Moffatt appeals from the order dismissing his second post conviction relief act ("PCRA") petition as untimely.  We affirm.

This appeal arises from the October 5, 2013 armed robbery of Barbato's restaurant in Erie, Pennsylvania, which was perpetrated by Appellant, with assistance from his co-conspirators, Michael Toran and Eric Atkins.  Following a jury trial, Appellant was convicted of robbery, criminal conspiracy to commit robbery, terroristic threats, two counts of recklessly endangering another person ("REAP"), and receiving stolen property.  Appellant received an aggregate sentence of ten to twenty years of incarceration.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was originally sentenced to serve twelve to twenty-four years of incarceration.  On January 28, 2015, Appellant's sentence was modified in

Following the reinstatement of Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*, Appellant filed a counseled post-sentence motion, challenging the weight and sufficiency of the evidence, which was denied. A direct appeal followed. The trial court determined that the issues were insufficiently pled, but still addressed the merits of each claim in its Pa.R.A.P. 1925(a) opinion. We affirmed the judgment of sentence without reaching the merits of Appellant's issues, finding them both waived. **Commonwealth v. Moffatt**, 169 A.3d 1160 (Pa.Super. 2017) (unpublished memorandum). On August 29, 2017, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Moffatt**, 170 A.3d 1015 (Pa. 2017).

Appellant filed a timely *pro se* PCRA petition, averring that his prior record score was incorrectly calculated. Appointed counsel initially submitted a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 and petition seeking leave to withdraw, explaining that Appellant's sentencing guidelines were properly calculated using Appellant's prior juvenile adjudications. Appellant responded to his attorney's letter, seeking to amend his PCRA petition to assert allegations of direct appeal counsel's ineffectiveness. While the "no-merit" letter was still pending, counsel submitted an amended PCRA petition challenging the effectiveness of direct

response to a post-sentence motion. The trial court vacated the REAP sentences, finding that those counts should have merged with the robbery conviction.

- 2 -

appeal counsel for failing to properly preserve Appellant's challenges to the weight and sufficiency of the evidence. PCRA counsel also sought to rescind his petition for leave to withdraw as counsel. Ultimately, counsel's petition to withdraw was denied.

The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, finding that the sentencing issue lacked merit and concluding that Appellant was not prejudiced by direct appeal counsel's failure to properly plead challenges to the weight and sufficiency of the Commonwealth's evidence. On appeal, we affirmed the order dismissing the PCRA petition and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Moffatt*, 215 A.3d 650 (Pa.Super. 2019) (unpublished memorandum) *appeal denied* 217 A.3d 200 (Pa. 2019).

On November 25, 2019, Appellant filed his second *pro se* PCRA petition, which is the subject of the instant appeal. Therein, Appellant again asserted that his sentence was illegal due to allegedly erroneously calculated sentencing guidelines. However, this time Appellant asserted that the illegality flowed from the incorrect application of a deadly weapon enhancement, not the inaccurate calculation of his prior record score. In a memorandum of law appended to the PCRA petition, Appellant also challenged the effectiveness of PCRA counsel. The PCRA court responded with Rule 907 notice of its intent to dismiss the petition without a hearing, explaining that the PCRA petition was facially untimely and Appellant had not pled an exception to the time bar.

Appellant filed an objection to the Rule 907 notice, wherein he conceded that his petition was facially untimely, but asserted that substantive review of the merits of his petition was appropriate because he qualified for the governmental interference exception to the PCRA time bar. Appellant argued that since the Commonwealth, trial counsel, and the trial court had misinterpreted the deadly weapon enhancement statute at sentencing, the government had misled him into thinking his sentence was legal. After reviewing Appellant's objections, the PCRA court dismissed the petition as untimely. This appeal followed.

Appellant raises the following issues for our review:

1. Whether the failure to raise the deadly weapon used enhancement statute as unconstitutional was the result of governmental interference when the court and prosecutor misled petitioner to believe he could be sentenced to the "DWE" used enhancement statute without being [tried] and/or convicted of a firearm before the enhancement could be applied.

2. Did the trial court abuse [its] discretion and/or commit [a] clear error of law when it applied the deadly weapon "used" enhancement statute when the "DWE" relies on 9712 notwithstanding the fact evidence in the trial court record asserting said statute to be unconstitutional.

Appellant's brief at unnumbered 7.

We begin with the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183

(Pa.Super. 2012). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." *Id*. "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." *Id*.

Pursuant to the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017); *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super.2007) (where petitioner files an untimely PCRA petition raising a legality of sentence claim, the jurisdictional limits of the PCRA render the claim incapable of review).

The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii)." *Id*. The three narrow exceptions to the one-year time bar are as follows: "(1)

interference by governmental officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012). Additionally, a PCRA petitioner must present his claim within one year of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

There is no question that the instant petition is untimely on its face. However, Appellant avers that he can overcome the PCRA time bar by the application of the governmental interference exception. ***See*** Appellant's brief at unnumbered 11. The governmental interference exception permits an otherwise untimely PCRA petition to be filed if a petitioner pleads and proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i). In other words, Appellant was required to show that but for the interference of a government actor "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

Here, Appellant alleges that the trial court, prosecutor, and defense counsel committed government interference when they misinterpreted the "deadly weapon used enhancement statute," thus, applying it incorrectly to Appellant at sentencing. ***See*** Appellant's brief at unnumbered 9. Additionally, Appellant claims he filed the petition within sixty days of discovery of the

illegality.[2] **Id**. The Commonwealth responds that Appellant has not pled facts which, if proved, would qualify as government interference or demonstrate that he acted with due diligence in bringing forth his claim. We agree.[3]

Appellant did not successfully plead and prove before the PCRA court that the government interfered with his ability to file a timely PCRA petition. Even assuming, *arguendo*, that the deadly weapon enhancement was erroneously applied to Appellant at sentencing, Appellant still has to explain how the trial court's "misinterpretation" of the deadly weapon enhancement in 2015 prevented him from raising this issue until 2019. Instead, Appellant attempts to justify the tardiness in his filing by stating, without citation to proper authority, that the statute that defines a firearm as applied to the

---

[2] As of December 2018, the Pennsylvania legislature extended the sixty-day period to assert an exception to one year. 42 Pa.C.S. § 9545(b)(2).

[3] We observe that Appellant's time-bar exception argument was not raised in the PCRA petition itself, but rather was pled for the first time in his response to the PCRA court's notice of intent to dismiss. Our Supreme Court has stated that the text of the PCRA requires any exception be raised in the petition itself. **Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005) (stating that the defendant "was required to plead the cognizability of his petition in the petition itself"); **see also** 42 Pa.C.S. § 9545(b)(1)(i) (providing that any petition shall be filed within one year of the date the judgment becomes final "unless the petition alleges and the petitioner proves that" one of the enumerated exceptions to the PCRA time-bar applies). Further, Appellant neither asked for, nor was granted, leave to amend his PCRA petition to include an exception to the PCRA time-bar. Nevertheless, the PCRA court reviewed and considered Appellant's response before it dismissed his petition as untimely. Since the PCRA court had the opportunity to review and respond to Appellant's argument below, and the Commonwealth has not objected, we shall address it here.

deadly weapon enhancement was found to be unconstitutional and that he filed his petition within sixty days of discovering this change in the law. *Id*. at 11. Appellant cites to a 2014 pre-trial motions hearing transcript in support of his position that there was a change in the law. *Id*. However, the subject of the motions hearing was the unconstitutionality of mandatory minimum sentencing statutes, not the application of a deadly weapon enhancement sentencing scheme. N.T. Motions Hearing, 9/17/14, at 1-13 (discussing the application of *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) to Appellant and his co-conspirator's cases)). Additionally, a change in the law in 2014 does not address the fundamental deficiency in Appellant's pleading, namely, its failure to articulate how the government prevented Appellant from filing a timely petition.[4]

---

[4] Notably, a change in the law does not, without more, excuse a failure to file a timely PCRA petition. Short of an assertion of illegality on the part of government officials that completely deprived Appellant access to prison resources during the entire post-conviction period, Appellant's ignorance regarding a change in the law would not meet the governmental interference exception. *See, e.g. Commonwealth v. Bankhead*, 217 A.3d 1245, 1248 (Pa.Super. 2019) (finding that prison lockdowns did not qualify for the government interference exception to the PCRA time bar, since they did not encompass the entire relevant time frame). Further, it is well settled that, although issues relating to the legality of sentence are always subject to review within the PCRA, those claims must still first satisfy the PCRA's time limits or one of the exceptions. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Hence, to the extent that Appellant contends that the court imposed an illegal sentence, that assertion is insufficient to overcome the PCRA time-bar.

Accordingly, since Appellant filed his petition more than a year after his judgment of sentence became final, and has failed to plead and prove that an exception to the PCRA's time constraints apply, we affirm the order of the PCRA court dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2021