J-S24022-19

2019 PA Super 260

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RODNEY BANKHEAD :
:
Appellant : No. 1243 EDA 2018

Appeal from the PCRA Order Entered March 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012317-2009,
CP-51-CR-0014137-2012

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

OPINION BY McLAUGHLIN, J.: **FILED AUGUST 23, 2019**

Rodney Bankhead appeals from the order dismissing as untimely his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Bankhead was convicted by a jury of one count of aggravated assault and two counts of criminal solicitation.[1] The underlying facts of these crimes are not relevant to our disposition. The court sentenced Bankhead in 2014 to serve an aggregate of 25 to 50 years' incarceration. We affirmed Bankhead's judgment of sentence in 2015, and the Pennsylvania Supreme Court denied Bankhead's petition for allowance of appeal on April 11, 2016. Bankhead did

---

\* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a) and 902(a), respectively.

not file a petition for a writ of *certiorari* in the Supreme Court of the United States.

Bankhead filed the instant PCRA Petition, his first, as of November 10, 2017.[2] The petition alleged, *inter alia*, that the Commonwealth had knowingly solicited false testimony from the complaining witness at trial, as evidenced by her admissions that she had lied to the police during their investigation. He also claimed that her testimony about the assault was contradicted by medical records that the prosecution withheld, and that he was denied effective assistance of counsel at trial.

The PCRA court appointed counsel, who filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988), and a motion to withdraw. In the **Finley** letter, counsel advised Bankhead that his petition was untimely under the PCRA. Counsel stated that although Bankhead had asserted that several lockdowns at the prison had prevented him from accessing the prison library, and that this might render the petition timely under the governmental interference exception, counsel's research indicated these lockdowns occurred after the one-year deadline for filing the petition.

---

[2] The petition was docketed by the trial court on November 29, 2017, but the certificate of service was dated November 10, 2017. The trial court deemed the petition filed on November 10, and as the Commonwealth does not argue otherwise, we consider this to be the date of filing pursuant to the prisoner mailbox rule. **See Commonwealth v. Saunders**, 946 A.2d 776, 780 n.7 (Pa.Super. 2008) (finding Rule 1925(b) statement timely under prisoner mailbox rule based on date of proof of service).

The PCRA court issued notice under Rule 907, advising Bankhead that his Petition would be dismissed without a hearing. **See** Pa.R.Crim.P. 907. Bankhead filed a *pro se* response, asserting his PCRA counsel was ineffective for failing to research or promote his substantive PCRA claims. Bankhead's *pro se* response to the Rule 907 notice did not address the timeliness of his Petition.

The court thereafter dismissed the petition, but took no action on counsel's request to withdraw. Bankhead filed a timely, *pro se* notice of appeal.[3] Counsel thereafter filed a Rule 1925 Statement of Errors on Bankhead's behalf. **See** Pa.R.A.P. 1925(b).

Bankhead then filed a *pro se* motion in this Court, asking to represent himself on appeal. We remanded the matter to the PCRA court to hold a hearing to ensure that Bankhead's waiver of his right to counsel was knowing, intelligent, and voluntary. The PCRA court held a hearing, and found Bankhead had duly waived his right to counsel. Counsel thereafter filed a request to withdraw in this Court; we granted counsel's request to withdraw and allowed Bankhead to proceed *pro se*.

---

[3] Although he was at that point still represented by counsel, Bankhead was not precluded from filing a *pro se* notice of appeal. **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016). Although Bankhead filed one notice of appeal referencing two trial court docket numbers, we need not quash under **Commonwealth v. Walker**, 185 A.3d 969, 976-77 (Pa. 2018), because he appealed before the Supreme Court decided **Walker**, that is, before June 1, 2018, and **Walker** applies only to appeals after that date.

Bankhead presents the following question, which we reproduce verbatim:

> The question of whether a person may be said to actually have the time stated by legislative intent, specifically the one-year jurisdictional time bar of the PCRA, is subjective. Arguments have been thrown out which cited the difference between an uneducated Pro-Se defendant and one represented by counsel due to the general reasoning that the benefits of a legal education and a lawyer['']s resources are counter-balanced by a defendant's ability to research and prepare arguments on his own behalf. Perfect equality, after all, is not tolling not being applicable to PCRA litigation, the wholesale prejudice suffered due to Governmental Interference with legal matters, however, indifferent is untenable.
>
> To permit the DOC to enact gratuitous lockdowns which prejudice the legal interest of all inmates, in effect punishing people (like Appellant), had nothing to do with the cause of the lockdowns constitutes a gross miscarriage of justice. Would tolling not be permitted if the courts were closed due to a natural disaster? Lockdowns have already been referred to as a state of emergency (as has the Drug abuse which caused them). Thus, those same states of emergency should not count against any legal time limitations, jurisdictional or otherwise.

Bankhead's Br. at iii.

Bankhead argues that his Petition was timely under the "governmental interference" exception, because multiple lockdowns at the prison allegedly prevented him from accessing the prison library. Bankhead does not assert in the body of his brief the date or length of any lockdowns. However, Exhibit A to Bankhead's brief purports to be a written response from prison staff to Bankhead's request for the dates of lockdowns. According to the response, emergency lockdowns occurred on 15 dates between September 2016 and

April 2017. Exhibit B, a similar document, shows more extensive lockdowns beginning in August 2017.

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018)).

As the PCRA's time restrictions are jurisdictional in nature, we may not address the substantive claims presented in an untimely petition. ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa.Super. 2017). Unless a statutory exception applies, a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final, which is at the conclusion of direct review or the expiration of time for seeking such review. 42 Pa.C.S.A. § 9545(b)(1), (3).

Here, the Pennsylvania Supreme Court denied review of Bankhead's judgment of sentence on April 11, 2016, after which he had until July 11, 2016 to seek review in the United States Supreme Court, which he did not do. ***See*** U.S. Sup. Ct. R. 13.1 (allowing petitioner 90 days from entry of judgment to file petition for writ of *certiorari*); U.S. Sup. Ct. R. 30.1 (providing when last day of a deadline falls on a Sunday, deadline extends to next business day). Bankhead then had one year to file a PCRA petition, *i.e.*, until July 11, 2017. His Petition of November 10, 2017, is therefore facially untimely.

A PCRA petition filed after the one-year deadline is nonetheless timely if one of three statutory exceptions applies. **See** 42 Pa.C.S.A. § 9545(b)(1). Relevant here, the "governmental interference" exception applies when "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." **Id.** at § 9545(b)(1)(i). If the exception applies, the petitioner must plead and prove that the petitioner presented the claim within 60 days of the earliest date he or she could have presented it, and that the petitioner exercised due diligence in obtaining the information. **Id.** at § 9545(b)(2);[4] **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001) (applying due diligence standard to governmental interference exception).

Bankhead did not successfully plead and prove before the PCRA court that this exception to the one-year deadline applies. First, neither his *pro se* Petition nor his response to the Court's Rule 907 notice asserted any time-bar exception, including the governmental interference exception. Second, although the **Finley** letter indicates that the governmental interference exception might apply because Bankhead was unable at times to access the prison library, without an assertion of illegality on the part of government officials, restrictions on access to prison resources does not qualify a petition

---

[4] The General Assembly amended 42 Pa.C.S.A. § 9545(b)(2) to allow a petitioner one year to file a petition from the date it first could have been filed. The amendment applies to claims presented after December 24, 2017, and thus does not apply to Bankhead's Petition.

for the governmental interference exception. **See Rizvi**, 166 A.3d at 348. In addition, the lockdowns that the **Finley** letter references all occurred **after** the July 11, 2017 one-year deadline. They thus could not logically have prevented the timely filing of a petition.

Moreover, although we cannot consider evidence that Bankhead did not present to the PCRA court, the exhibits to Bankhead's brief indicate that only 15 days of lockdowns occurred prior to the filing deadline, and ended in April 2017 – approximately three months before the one-year deadline. Therefore, even if we did consider prison lockdowns to be governmental interference, and even if Bankhead had presented the evidence of these 15 days to the PCRA court, Bankhead failed to plead – much less prove – that he acted with due diligence to file a petition within 60 days of the cessation of the lockdowns. 42 Pa.C.S.A. § 9545(b)(2); **Breakiron**, 781 A.2d at 98. As Bankhead filed his Petition more than a year after his judgment of sentence became final, and he has failed to plead and prove that any exception to the PCRA's time constraints apply, we affirm the order of the PCRA court dismissing the petition as untimely.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/23/2019*