J-S26026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN RODABAUGH | : | |
| | : | |
| Appellant | : | No. 1610 WDA 2019 |

Appeal from the PCRA Order Entered September 16, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000539-2002

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 01, 2020**

Steven Rodabaugh appeals *pro se* the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Rodabaugh asserts that his revocation of probation sentence was illegal, and that his PCRA counsel was ineffective for withdrawing from representation. We affirm.

Rodabaugh entered a negotiated guilty plea to two counts of Terroristic Threats[1] in 2002.[2] The certified record does not contain a transcript of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(a)(3).

[2] "On August 22 and 23, 2002, [Rodabaugh] placed a series of five threatening phone calls to Victim, who is a Jefferson County Domestic Relations Department employee. [Rodabaugh] cursed at Victim and warned her not to show up to work the following Monday." **Commonwealth v. Rodabaugh**, No. 1743 WDA 2018, 2019 WL 2338555, at *1 (Pa.Super. June 3, 2019) (unpublished memorandum).

guilty plea and sentencing hearing. According to the written colloquy, the terms of the plea agreement were as follows: "Plea of guilty for terroristic threats charges in exchange for 3 months in Jefferson County Jail and 2 years probation for each of 2 counts to run consecutive – total 3 months jail[,] 4 years probation[.] Harassment charges and harassment by communication charges *nolle prossed*[.]" Plea colloquy, 10/2/02, at 1 (italics added). Rodabaugh signed and dated the colloquy.

Following sentencing, the court issued two sentencing orders, one for each count. The first order stated that the sentence imposed on count one was incarceration "for a period of three (3) months to a maximum of two (2) years less one (1) day to be followed by one (1) day Probation." Order, 10/3/02, at 1. The second order imposed a consecutive sentence of two years' probation on count two. Thus, unlike the plea colloquy, the written sentencing orders did not include a two-year term of probation on count one.

Rodabaugh began serving his sentence in August 2002. In January 2003, Rodabaugh requested a parole hearing.[3] In his request, he acknowledged that his sentence was the same as reflected by the colloquy, including a consecutive two-year term of probation on count one. ***See, e.g.***, Rodabaugh's Motion for Probation Hearing, 1/2/03, at ¶ 3. The court granted parole.

_____

[3] Rodabaugh filed a "Motion for Probation Hearing," while he was incarcerated. The court construed the request as a motion for a parole hearing.

In 2005, Rodabaugh was charged with Criminal Sexual Misconduct in Michigan. He pleaded guilty and was sentenced on those charges in 2011. Rodabaugh completed his Michigan sentence in 2015, and was extradited to Pennsylvania. The trial court resentenced him for violating his probation on June 3, 2015. On count one, the court imposed a new sentence of two to five years' incarceration, and on count two, it resentenced Rodabaugh to serve a consecutive term of one to five years' incarceration.

In 2017, Rodabaugh filed a "Post-sentence Motion to Modify Sentence," which the court denied. Rodabaugh appealed. This Court reversed the order and remanded, instructing the trial court to treat the motion as "a petition pursuant to the PCRA, albeit an untimely one." **Commonwealth v. Rodabaugh**, No. 1695 WDA 2017, 2018 WL 2710031, at *1 (Pa.Super. June 6, 2018) (unpublished memorandum). We also concluded that because it was Rodabaugh's first PCRA petition, he was entitled to counsel.

On remand, the court appointed PCRA counsel. Counsel found the petition was untimely, and filed a petition to withdraw. The court granted counsel leave to withdraw, and issued notice informing Rodabaugh that it would dismiss his PCRA petition after 20 days. **See** Pa.R.Crim.P. 907. Rodabaugh did not respond. The court dismissed the petition, and Rodabaugh appealed *pro se*. We affirmed the dismissal, agreeing with the PCRA court that the petition was untimely. **See Commonwealth v. Rodabaugh,** No. 1167 WDA 2018, 2019 WL 1857112, at *2 (Pa.Super. Apr. 25, 2019) (unpublished memorandum).

- 3 -

While the case was on appeal, Rodabaugh filed a Petition for Modification of Sentence, seeking Recidivism Risk Reduction Incentive Act relief. **See** 61 Pa.C.S.A. §§ 4501–4512. The court denied the Petition, Rodabaugh appealed, and we affirmed. We determined that the filing was properly Rodabaugh's second PCRA petition, and the PCRA court had properly dismissed it because Rodabaugh filed it while his first PCRA petition was still pending on appeal. **See Rodabaugh**, 2019 WL 2338555, at *3.

Rodabaugh then filed the instant PCRA petition, his third, on June 13, 2019, after his prior appeals had concluded. He claimed the court erred in sentencing him for a violation of probation on count one, because he had completed serving his sentence on that count before he committed any new offenses. Rodabaugh claimed his original sentence on count one was reflected on the written sentencing order – three months to two years less one day of incarceration, plus one day of probation, not two years of probation – and that this sentence had expired in 2004. Rodabaugh claimed that the court imposed an illegal sentence, "resulting in a double jeopardy issue." PCRA Pet., 6/13/19, at 2. He also argued the court "has the inherent power[]to correct obvious and patent mistakes." **Id.** at 3. In addition, he claimed PCRA counsel on his first petition was ineffective for failing to pursue the issue.

The PCRA court issued a Rule 907 notice of its intention to dismiss the petition. The court found that Rodabaugh's petition was untimely. The court also explained that it had not imposed an illegal sentence when resentencing Rodabaugh on count one, as Rodabaugh's probation had not expired in 2004,

but in 2006. The court did not address the written sentencing orders, but stated, "As demonstrated by the relevant plea colloquy, the terms of [Rodabaugh]'s sentence were 3 months-2 years less a day at count 1, followed by 2 years of probation at that count and an additional 2 years of probation at count 2." Notice of Intention to Dismiss PCRA Pet., 8/12/19, at 1. The court also cited this Court's two previous decisions stating that Rodabaugh's sentence on count one included a two-year term of probation. The court concluded that PCRA counsel therefore had no basis for pursuing Rodabaugh's issue, and that "the record demonstrates that [Rodabaugh] lacks a factual foundation upon which he might successfully claim a timeliness exception." *Id.*

Rodabaugh filed a response, reasserting that his probation had expired in 2004 and his new sentence was illegal. Rodabaugh did not address the timeliness of the petition.

The PCRA court dismissed the petition, and Rodabaugh appealed. He raises the following issues:

1) Is [Rodabaugh] serving an illegal sentence imposed by the Court of Jefferson County, Pennsylvania?

2) Was [Rodabaugh]'s Post-Conviction Relief Counsel ineffective?

Rodabaugh's Br. at 4.

"We review an order denying relief under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of

- 5 -

record and free of legal error." ***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa.Super. 2019)

We agree with the PCRA court that Rodabaugh's petition was untimely. ***See Commonwealth v. Bankhead***, 217 A.3d 1245, 1247 (Pa.Super. 2019) (stating PCRA's time requirements are a jurisdictional prerequisite). A petitioner must file his petition within one year of the date the judgment of sentence becomes final, or plead and prove one of the enumerated exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Rodabaugh filed his petition in 2019, several years after his 2015 judgment of sentence became final, and he has not pleaded, let alone proven, that any of the exceptions to the time-bar apply. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Rodabaugh's claim that his PCRA counsel was ineffective does not qualify under any timeliness exception. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (stating ineffectiveness claim does not qualify for the newly-discovered fact exception). Nor does his claim of a patent and obvious mistake save his petition, as that is not an exception to the time-bar. ***See Commonwealth v. Jackson***, 30 A.3d 516, 522-23 (Pa.Super. 2011) (distinguishing ***Commonwealth v. Holmes***, 933 A.2d 57, 66 (Pa. 2007)). We therefore affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2020