J-S16028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN LIEBEL | : | |
| | : | |
| Appellant | : | No. 242 EDA 2021 |

Appeal from the PCRA Order Entered December 23, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002466-1997

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 27, 2021**

John Liebel appeals, *pro se*, from the order dismissing his tenth Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He asserts that the trial court erred when it dismissed his petition as untimely and argues that it should have applied both the governmental interference and newly discovered fact exceptions to the PCRA's time limit. We affirm.

In September 1997, Liebel pleaded guilty to criminal homicide after killing his father by strangulation. The court found him guilty of first-degree murder and sentenced him to the mandatory sentence of life imprisonment.

Liebel's direct appeal challenged the sufficiency of the evidence and the voluntariness of his plea. His judgment of sentence was affirmed by this Court in March 1999. Liebel filed his first PCRA in February 2000, and the court

_____

[*] Former Justice specially assigned to the Superior Court.

appointed counsel. The PCRA court dismissed the petition, and this Court affirmed the dismissal. The Pennsylvania Supreme Court granted Liebel's allowance of appeal on the issue of whether appellate counsel's failure to file a petition for allowance of appeal on direct appeal was cognizable under the PCRA. Finding that it was cognizable, the Supreme Court remanded the case back to the PCRA court.

In January 2004, the PCRA court appointed counsel and granted Liebel leave to file a petition for allowance of appeal *nunc pro tunc*. Liebel filed a petition, which our Supreme Court denied in August 2004. Liebel did not seek a writ of *certiorari* in the Supreme Court of the United States.

In July 2006, Liebel filed a *pro se* PCRA petition. The PCRA court issued notice of its intent to dismiss and, in September 2006, dismissed the petition. This Court affirmed the dismissal in July 2007. Liebel thereafter filed *pro se* PCRA petitions in October 2007, February 2008, July 2008, September 2009, May 2012, July 2016, and March 2018, all of which were denied by the PCRA court.

After the PCRA court's denial of his March 2018 petition, Liebel appealed to this Court. In a memorandum filed March 26, 2019, a panel of this Court affirmed the dismissal of Liebel's ninth petition as untimely. In doing so it *sua sponte* noted a "procedural anomaly" that Liebel had not been appointed counsel to represent him for his July 2006 petition, which because of the posture of the case at that time, was considered a first PCRA petition. **See Commonwealth v. Liebel**, No. 2056 EDA 2018, unpublished memorandum

- 2 -

at 5, n.4 (Pa.Super. filed March 26, 2019). The Court noted that it had never seen an instance where counsel was not appointed, and multiple subsequent petitions were filed and ruled upon. It explained, "While we are mindful that Liebel was entitled to counsel for his first petition, we are uncertain that this Court has the current authority to essentially vacate all prior PCRA proceedings, including denials of review by our Supreme Court to reinstate Liebel's initial PCRA rights." *Id.* This Court denied Liebel's application for reargument, and in January 2020, our Supreme Court denied further appeal.

In September 2020, Liebel filed the instant, *pro se* PCRA petition. He claimed that the footnote discussion of the procedural anomaly with respect to his 2006 petition constitutes a newly discovered fact that should act as an exception to the PCRA time-bar. Alternatively, he claimed that the failure to appoint counsel in 2006 constitutes governmental interference that should act as an exception to the PCRA time-bar.

On October 29, 2020, the PCRA court issued notice of its intent to dismiss the petition. *See* Pa.R.Crim.P. 907. It then denied the petition on December 28, 2020.[1] This timely appeal followed.

Liebel raises four issues on appeal.

1. Did the [PCRA] court err as a matter of law in treating [Liebel's] instant PCRA petition as an untimely subsequent petition, instead of as an amendment to [Liebel's] 2006 first PCRA

_____

[1] The PCRA court had initially denied the petition on November 25, 2020, but vacated that decision at Liebel's request to consider late-filed objections to the notice of intent to dismiss.

- 3 -

petition, after the [PCRA] court acknowledged that it had dismissed that first PCRA petition without appointing counsel?

2. Did the [PCRA] court err as a matter of law in deciding that its dismissal of [Liebel's] 2006 first PCRA petition without counsel was not government interference, and that Superior Court's March 26, 2019, initial notice that [Liebel] had a right to counsel on his 2006 PCRA petition was not a new fact?

3. Did the [PCRA] court err as a matter of law in deciding that its dismissal of [Liebel's] 2006 first PCRA petition without the appointment of counsel was not a void judgment?

4. Did the [PCRA] court err as a matter of law in deciding not to appoint counsel for [Liebel's] 2006 first PCRA petition?

Liebel's Br. at iv.

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citations omitted).

A criminal defendant has one year from the time the judgment of sentence becomes final to file a timely PCRA petition unless an exception applies. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The petitioner bears the burden of pleading and proving at least one of the time-bar exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). For claims arising on or after December 24, 2017, a petitioner must raise the exception within one year of the date that the claim could have been presented. *Id*. at § 9545(b)(2). However, a petitioner must raise claimed of exceptions that arose before that date within 60 days of the date the petitioner could have first made the claim. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

Here, our Supreme Court denied Liebel's petition for allowance of appeal on August 27, 2004. Liebel did not seek a writ of *certiorari* in the Supreme Court of the United States. Therefore, his judgment of sentence became final on November 25, 2004, after the 90-day period for seeking review in the Supreme Court of the United States. *See* U.S. Sup.Ct. R. 13(1). Thus, his one-year deadline expired on November 25, 2005. Accordingly, the instant petition, filed nearly fifteen years later in September 2020, is patently untimely.

Liebel first attempts to invoke the PCRA time-bar exception for government interference. He claims that the PCRA court committed government interference by not appointing counsel for his 2006 petition.

To establish the government interference exception, Liebel was required to demonstrate that his "failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." ***Commonwealth v. Bankhead***, 217 A.3d 1245, 1247-48 (Pa.Super. 2019) (quotation marks and citation omitted). Liebel must also "offer a reasonable explanation why, with the exercise of due diligence, he did not ascertain this alleged interference of government officials earlier and seek redress." ***Commonwealth v. Rizvi***, 166 A.3d 344, 349 (Pa.Super. 2017) (citation omitted).

Presently, Liebel claims that he is entitled to relief because the PCRA court's failure to appoint counsel to represent him for his 2006 PCRA constitutes governmental interference because it limited his ability to prepare his first petition. He does not, however, offer any explanation why he did not ascertain this alleged interference earlier. Liebel was aware that he was not appointed counsel to represent him for his 2006 petition, yet he allowed 14 years to pass before he attempted to address the issue. Hence, because Liebel failed to offer a reasonable explanation why the alleged interference was not ascertained earlier, we conclude that the government interference exception does not apply.

Alternatively, Liebel argues that the PCRA court should have applied the newly discovered fact exception to the PCRA time-bar. The newly discovered fact offered is the fact that he was denied his right to counsel for a first PCRA,

- 6 -

which fact he alleges was newly discovered when this Court *sua sponte* discussed it in our 2019 memorandum affirming the denial of his ninth petition. However, again Liebel has not offered a reasonable explanation why, with due diligence, he could not have ascertained this fact earlier. Indeed, Liebel was aware that he was not appointed counsel, therefore, no new fact was raised in our decision that he did not already know. Hence, we conclude that the newly discovered fact exception does not apply.

Accordingly, we conclude that neither exception to the PCRA time-bar applies. Because Liebel's petition is untimely, we conclude that the PCRA court did not have jurisdiction to consider his issues. Accordingly, we affirm the PCRA court's order dismissing Liebel's petition.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2021

---

[2] Furthermore, a panel of this Court has already discussed the PCRA court's error in not appointing counsel and determined that it did not require vacating the denial of his petition and remanding for appointment of counsel. "As a subsequent panel reviewing an issue already decided by a panel of this Court, we are obligated to follow the law as articulated by the previous panel." **Commonwealth v. Pepe**, 897 A.2d 463, 466 (Pa.Super. 2006).