J-S07026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWON MONTRELL BREWER | : | |
| | : | |
| Appellant | : | No. 617 WDA 2021 |

Appeal from the PCRA Order Entered January 29, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000893-2002

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED: MAY 6, 2022**

Antwon Montrell Brewer ("Brewer") appeals from the order dismissing his untimely serial petition for relief filed pursuant to the Post Conviction Relief Act statute ("PCRA").[1]  We affirm.

In 2003, a jury found Brewer guilty of first degree murder for shooting Jason Tate.  The trial court sentenced Brewer to life imprisonment.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on December 7, 2005.  **_See Commonwealth v. Brewer_**, 875 A.2d 383 (Pa. Super. 2005) (unpublished memorandum), _appeal denied_, 890 A.2d

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See_** 42 Pa.C.S.A. §§ 9541-9546.

1055 (Pa. 2005). Brewer did not seek relief in the United States Supreme Court.

Brewer filed a timely PCRA petition which the PCRA court denied following an evidentiary hearing. This Court affirmed the denial of the PCRA petition. *See Commonwealth v. Brewer*, 951 A.2d 1205 (Pa. Super. 2008) (unpublished memorandum). Brewer did not petition for allowance of appeal in the Pennsylvania Supreme Court. In January 2019, Brewer filed a second PCRA petition through privately retained counsel, Anthony Rodriques, Esquire. Therein, Brewer asserted that his conviction should be vacated because four of the Commonwealth's witnesses who testified at his trial recanted their testimony. The PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 notice of its intent to dismiss the petition as untimely. Brewer filed no response to the Rule 907 notice, and the PCRA court dismissed his petition. Brewer did not appeal.

On December 9, 2019, Brewer, again represented by Attorney Rodriques, filed a third PCRA petition. Therein, Brewer reasserted his claims regarding the four Commonwealth witnesses, and raised a new claim regarding a purported eyewitness who would testify that the shooter had braided hair, whereas Brewer had short hair at the time. The PCRA court issued a Rule 907 notice of its intent to dismiss the petition, noting, among other things, that the petition was untimely. Brewer responded to the Rule

907 notice. The PCRA court dismissed Brewer's third PCRA petition on January 29, 2020. Brewer did not appeal.

In April 2021, Brewer, having retained new counsel, filed a fourth PCRA petition. In that petition, Brewer asserted that Attorney Rodriques had rendered ineffective assistance by, among other things, failing to appeal the order dismissing his third PCRA petition. The PCRA court granted relief, and reinstated Brewer's right to appeal the dismissal order *nunc pro tunc*. Brewer thereafter filed a timely appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[2]

Brewer raises the following issues for our review:

1. Did the court below commit an abuse of discretion and reversible error by failing to grant [Brewer] an evidentiary hearing[,] [based on its] finding that [his second and third PCRA petitions were not] not timely [because] [Attorney Rodriques's] petition did not properly establish an exception to the timeliness rule by properly setting forth after[-]discovered evidence, and by ruling the proposed evidence was unreliable without said hearing, as well [as] failing to hold a hearing on the [third] petition[,] which listed additional after[-]discovered evidence?

2. Was [Attorney Rodriques] ineffective by not sufficiently drafting [Brewer's] PCRA petition to properly establish that [Brewer] was [entitled] to an evidentiary hearing based upon after[-]discovered evidence, and should the case be remanded pursuant to **Commonwealth v. Bradley**[, 261 A.3d 381 (Pa. 2021)]?

---

[2] The PCRA court elected not to write a Pa.R.A.P. 1925(a) opinion but, instead, specified where the reasons for its order appear in the record, *i.e.*, in the May 20, 2019 Rule 907 notice of its intent to dismiss Brewer's second PCRA petition.

Brewer's Brief at 1-2 (issues reordered for ease of disposition).

Our standard of review is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA Court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. Super. 2018) (internal citation and quotations omitted).

Under the PCRA, any petition "***including a second or subsequent petition***, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, our Supreme Court denied Brewer's petition for allowance of appeal on December 7, 2005; therefore, his judgment of sentence became final after the ninety-day period for appeal to the United States Supreme Court expired, *i.e.*, on March 7, 2006. ***See*** 42 Pa.C.S.A.

§ 9545(b)(3); *Commonwealth v. Bankhead*, 217 A.3d 1245, 1247 (Pa. Super. 2019); U.S. Sup. Ct. R. 13.1. Brewer thus had until March 7, 2007 to file a timely PCRA petition. Therefore, his third PCRA petition, filed on December 9, 2019, was facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted, emphasis in original). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

Relevantly, section 9545(b)(1)(ii) provides an exception to the time-bar if the petitioner pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

We have observed that section 9545(b)(1)(ii) has two components which must be alleged and proven:

> [T]he petitioner must establish that: 1) the *facts* upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of *due diligence*. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted, emphasis in ***Medina***).

In his first issue, Brewer argues that the PCRA court erred in dismissing his third PCRA petition because he satisfied the timeliness exception in section 9545(b)(1)(ii) by pleading that four of the Commonwealth's witnesses recanted their trial testimony and that he had discovered a new eyewitness to the shooting, Stephon Coleman, who would testify that the shooter had braided hair. Brewer claims that Coleman's purported testimony is exculpatory because his hair at the time of the shooting was too short to braid. Brewer's Brief at 10-11.

The PCRA court concluded that Brewer's petition was untimely and that he failed to sufficiently plead an exception under section 9545(b)(1)(ii). The court explained:

> [Brewer] claims after-discovered evidence in the form of witness recantation [that] has come to light which would have changed the course of the trial. [He] baldly claims three of the Commonwealth's witnesses . . . testified [they] saw [him] at the crime scene[,] but now state [their] testimony was false. [Brewer] claims a fourth Commonwealth witness . . . testified she overheard [Brewer] on the phone making inculpatory statements

- 6 -

concerning the crime[,] but now states she was a drug addict and is not sure of what she heard. In support, [Brewer] simply attached a "Witness List" to the PCRA [petition] with the names of the recanting witnesses along with their phone numbers . . .. This is entirely insufficient to meet the initial threshold requirement.

[Brewer] has failed to plead and prove in his PCRA [petition] any exception to the jurisdictional time-bar. Applying the law to the facts of this case, [Brewer] cannot establish the facts his claim is predicated on were unknown to him prior to the filing of the subject [petition] . . ..

* * * *

[Presently, Brewer] claims the witnesses now state their testimony was false[,] rather than [merely] accusing the witnesses of testifying falsely. However, [Brewer] does not explain why he was unable to discover this information sooner with the exercise of due diligence. [Brewer] provides no description of the steps he took to protect his interest. [His] PCRA [petition] includes no written affidavits from the witnesses, or even any explanation of how, and more importantly when, [Brewer] found this information out. [Brewer] has failed to establish an exception on the basis of new facts and this [c]ourt has no jurisdiction to consider the merits of Petitioner's claim.

PCRA Court Opinion, 6/23/21, at 1 (citing Notice of Intent, 5/20/19, at 2-5).

Based on our review, we conclude that the PCRA court's determinations are supported by the record and free of legal error. As explained above, to establish the application of section 9545(b)(1)(ii) and, thus invoke the PCRA court's jurisdiction, Brewer was required to plead and prove that the facts upon which the claim is predicated were unknown to him and could not have been ascertained by his exercise of due diligence. *See Medina*, 92 A.3d at 1216. Moreover, he must plead and prove that he filed a petition invoking this exception within one year of the date it could have been presented. *See Williamson*, 21 A.3d at 242. As the PCRA court observed, Brewer failed to

- 7 -

plead how he exercised due diligence in discovering these witnesses twelve years after his trial, or to show when he discovered that the four Commonwealth witnesses had recanted their testimony and the purported exculpatory testimony of the eyewitness. He also did not plead that he filed his third PCRA petition within one year of the date he discovered these facts. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(ii), (b)(2); **Medina**, 92 A.3d at 1216; **Williamson**, 21 A.3d at 242. As we conclude the PCRA court's determination that Brewer failed to plead and prove an exception to the PCRA's time-bar was supported by the record and free of legal error, Brewer's first issue warrants no relief.

In his second issue, Brewer argues that if his third PCRA petition was insufficient to "overcome the timeliness issue," it was because Attorney Rodriques filed a "defective" petition. Brewer's Brief at 4. Brewer argues that this Court should find Attorney Rodriques ineffective under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). Accordingly, Brewer argues, we should vacate the order dismissing his third petition and remand for present counsel to amend the petition to properly plead an exception to the PCRA's time-bar.

In **Bradley**, our Supreme Court concluded that PCRA petitioners have a rule-based right to effective counsel for a **first** PCRA petition, and they therefore may allege PCRA counsel's ineffectiveness at the first available opportunity, even if on appeal. **See Bradley**, 261 A.3d at 386, 391, 401-02. Because Brewer is presently alleging the ineffectiveness of privately-retained

PCRA counsel for his third PCRA petition, **Bradley** is inapplicable and therefore affords Brewer no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022