J-S19045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAREN MARIE GREGORIO | : | |
| | : | |
| Appellant | : | No. 1649 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 20, 2022
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s):  CP-49-CR-0001129-2020,
CP-49-CR-0001130-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: SEPTEMBER 21, 2023**

Karen Marie Gregorio ("Gregorio") appeals from the judgments of sentence imposed following a non-jury trial *in absentia* on charges of harassment and disorderly conduct.[1]  We vacate the judgments of sentence and remand for a new trial.

In 2020, the Commonwealth charged Gregorio with harassment, disorderly conduct, and simple assault at docket 1129 of 2020 and disorderly conduct, harassment, and intimidating a witness at docket 1130 of 2020.  The charges in both cases involve the same complainant, Gregorio's neighbor, whom Gregorio allegedly struck outside their homes and then accosted outside a court building before a hearing on that assault.  Gregorio initially proceeded

---

[1] 18 Pa.C.S.A. §§ 2709(a)(1)-(2), 5503(a)(1), (4).

*pro se*, and at times was held in custody on bench warrants. She retained counsel ("trial counsel") at the end of 2021.

The certified records indicate that on October 7, 2022, Gregorio, with trial counsel, appeared in court concerning a pre-trial motion for writ of *habeas corpus*, which the trial court denied. That same day, the court modified Gregorio's bail, which she posted. The bail paperwork stated that jury selection was scheduled for Monday, October 17, 2022. On October 14, 2022, the Commonwealth filed motions to amend the criminal informations to include only the four summary offenses and to proceed to a non-jury trial. The trial court granted the Commonwealth's requests on October 17, 2022, and scheduled non-jury trial for October 20, 2022, at 9:15 a.m. **See** Orders, 10/17/22, at 1.[2] Trial commenced at the scheduled time, but Gregorio was not present. After waiting approximately fifteen minutes for Gregorio to arrive, the trial court and the parties discussed Gregorio's absence as follows:

> THE COURT: . . . [to trial counsel]: it's my understanding your client is not present in the courthouse?
>
> [Trial Counsel]: No, she's not, Your Honor.
>
> THE COURT: And do you have any information on her whereabouts?
>
> [Trial Counsel]: I don't, Your Honor. All I can say to the [c]ourt [is] when she was last here in person on the 7th I told her she had jury selection on the 17th, and she had a trial during

---

[2] It is unclear whether Gregorio, her counsel, or the prosecutor appeared in court on October 17, 2022, and the records contain no indication that any discussions occurred before the scheduled jury selection.

sometime this week. I have not had contact since when she was brought to court for her proceeding on the 7th.

THE COURT: And have you had any contact with her about today's hearing?

[Trial Counsel]: I -- I did not -- we tried calling -- we sent a notice of today['s] proceedings on Monday to her, Your Honor. I did not have a phone number. We had a phone number I believe of a relative. We called and left a voicemail, and the office never received any kind of response, Your Honor.

THE COURT: Okay. And what's the Commonwealth's position today?

[The Prosecutor]: The Commonwealth has all the witnesses needed for both cases and is ready to proceed as necessary.

N.T., 10/20/22, at 2-3. The trial court conducted the trial *in absentia*, found Gregorio guilty at both trial court dockets, and ordered her to pay fines of $300 for each count.

Gregorio filed a single *pro se* notice of appeal listing both trial court docket numbers.[3] The trial court denied trial counsel's request to file a

---

[3] Gregorio's *pro se* notice of appeal requires several comments. First, the timely filing of a *pro se* notice of appeal when the defendant has counsel, while technically an improper hybrid filing, will perfect an appeal. **See Commonwealth v. Bankhead**, 217 A.3d 1245, 1246 n.3 (Pa. Super. 2019). Second, Gregorio's notice of appeal, filed on Monday, November 21, 2022, was timely because the thirtieth day after sentencing on October 20, 2022, fell on a Saturday. **See** 1 Pa.C.S.A. § 1908. Third, Gregorio's filing of a single notice of appeal violates the requirement that an appellant file separate appeals at each case she intends to appeal. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), *overruled in part by* **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) (holding that violations of **Walker** do not require quashal). In the instant case, none of the trial court's sentencing orders advised Gregorio of her appellate rights. Under the circumstances of this case, we conclude there was a breakdown in the operation of the court that excuses strict compliance with the requirements of **Walker**. **See**
*(Footnote Continued Next Page)*

- 3 -

counseled notice of appeal *nunc pro tunc*. Both Gregorio and the trial court complied with Pa.R.A.P. 1925.

Gregorio raises the following issue for our review:

Was [Gregorio] denied both her federal and state constitutional rights to be present at trial under the Sixth Amendment of the United States constitution and Article 1 Section 9 of the Pennsylvania constitution when the trial court conduct[ed] her non-jury trial *in absentia* when [she] did not voluntarily absent herself from trial nor was she absent without cause.

Gregorio's Brief at 6 (some capitalization omitted).

This Court reviews a decision to conduct a trial *in absentia* for an abuse of discretion. *See Commonwealth v. DeCosta*, 197 A.3d 813, 816 (Pa. Super. 2018). The United States and Pennsylvania Constitutions establish that a defendant has an absolute right to be present at trial but may waive that right expressly or implicitly by her conduct. *See Commonwealth v. Sullens*, 619 A.2d 1349, 1351 (Pa. 1992).

Pennsylvania Rule of Criminal Procedure 602 outlines the following principles concerning a decision to proceed *in absentia*:

The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

---

*Commonwealth v. Floyd*, 257 A.3d 13, 17 (Pa. Super. 2020) (considering the merits of the appeals and holding that the trial court's failure to inform the appellant of his appellate rights constituted a breakdown in the operation of the court).

- 4 -

Pa.R.Crim.P. 602(A). A court's determination of a defendant's absence without cause should consider whether the defendant had notice of the proceeding and whether the defendant voluntarily, knowingly, and without justification failed to be present. *See Commonwealth v. Wilson*, 712 A.2d 735, 739 (Pa. 1998) (discussing, with approval, factors discussed in federal case law, including whether the record clearly shows "that the defendant was advised when proceedings were to commence" and whether the defendant "voluntarily, knowingly, and without justification failed to be present at the designated time and place" (internal citation omitted)). The Commonwealth bears the burden of proving that a defendant is absent without cause. *See DeCosta*, 197 A.3d at 818.

Gregorio asserts she did not have notice of the October 20, 2022 trial date and there was no evidence she voluntarily absented herself from trial.[4]

The trial court concludes this issue is frivolous and reasons:

[Gregorio] failed to appear for her trial and she provided no explanation to the [c]ourt ahead of time or at the time set for trial. The Commonwealth was ready to proceed with its subpoenaed witness at their inconvenience. [Gregorio] did participate in the hearing on her petition for *habeas corpus* held just thirteen days prior to the trial date. Finally, [Gregorio] was previously scheduled for hearings when she was incarcerated and refused to come out of her cell. [Gregorio] cannot simply ignore a firm trial date.

Trial Court Opinion, 12/12/22, at 2 (some capitalization omitted).

---

[4] The Commonwealth responds that Gregorio's issue has "apparent merit." *See* Commonwealth's Brief at 5.

- 5 -

We are constrained to conclude that the trial court abused its discretion because the records in these appeals do not clearly show Gregorio had notice of the rescheduled October 20, 2022 non-jury trial date. The trial court initially scheduled jury selection for Monday, October 17, 2022. The Friday before the scheduled date for jury selection, the Commonwealth filed motions to amend the informations and to proceed to a non-jury trial. Aside from the trial court's October 17, 2022 orders granting the Commonwealth's motions and rescheduling a non-jury trial for October 20, 2022, there was no evidence of record concerning what may have transpired in the trial court on October 17, 2022. The record does not contain a transcript of any proceeding from October 17, 2022, evidence that any subpoenas issued, or any indication whether the parties appeared in court for the originally scheduled jury selection proceeding. Furthermore, the October 20, 2022 transcript establishes only that Gregorio's counsel sent one letter to Gregorio, three days before the rescheduled non-jury trial date, and left a single voicemail with Gregorio's relative. *See* N.T., 10/20/22, at 2-3. Neither the trial court nor the Commonwealth adduced any further evidence of attempts to locate or even contact Gregorio before commencing the non-jury trial *in absentia*. *See id*. Based on our review, we conclude the records in these appeals do not clearly establish that Gregorio had notice of her non-jury trial on October 20, 2022. *Cf*. *Wilson*, 712 A.2d at 739.

We acknowledge the trial court's frustration with Gregorio. We remind Gregorio, that an individual on bail has responsibilities to the courts and the

efficient administration of justice. *See Commonwealth v. Kelly*, 78 A.3d 1136, 1144 (Pa. Super. 2013), *disapproved of on other grounds by Commonwealth v. King*, 234 A.3d 549 (Pa. 2020). Gregorio also has affirmative duties to remain in contact with her attorney and alert the trial court of potential problems, particularly when a trial is imminent. *See id*. While a defendant has a right to a day in court, she has no right to unilaterally select the day and hour that meets her convenience. *See Sullens*, 619 A.2d at 1352. Here, it is only the unique circumstances of this case—including (1) the limited evidence concerning the efforts to locate or contact Gregorio, (2) the short interval between the Commonwealth's requests to amend the charges and forgo a jury trial and the originally scheduled date for jury selection, (3) the lack of a clear record of what occurred on October 17, 2022, and (4) the trial court's decision to set a new trial date for October 20, 2022, without any further evidence that Gregorio had adequate notice—that compel our decision that the trial court abused its discretion.

Judgments of sentence vacated. Case remanded for new trials. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2023