J-S30042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE A. COOPER | : | |
| | : | |
| Appellant | : | No. 340 EDA 2023 |

Appeal from the PCRA Order Entered January 20, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0438741-1984

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:               **FILED OCTOBER 6, 2023**

Bruce A. Cooper ("Cooper") appeals *pro se* from the order dismissing his ninth petition for relief under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On March 13, 1984, Cooper went to Renee Blake's ("Blake") house to rob her and Joseph Daniels ("Daniels") as part of a drug-related dispute. Cooper entered the home and dragged Daniels into the kitchen at knife point. Blake fled from the house and obtained help; upon returning, she saw Cooper fleeing the house and found Daniels inside, bleeding to death from a stab wound.  **See Commonwealth v. Cooper**, No. 3140 EDA 2007 (Pa. Super. 2008) (unpublished memorandum).

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

In 1985, a jury found Cooper guilty of second-degree murder, robbery, and possessing an instrument of crime. In 1987, Cooper received a sentence of life imprisonment. Cooper was represented at trial by Adam O. Renfroe, Esquire. This Court dismissed his direct appeal. The Supreme Court denied Cooper's petition for allowance of appeal on December 16, 1987. *See Commonwealth v. Cooper*, No. 3140 EDA 2007.

Cooper filed a series of unsuccessful petitions for collateral relief under both the Post Conviction Hearing Act ("PCHA")[2] and the PCRA. In his sixth PCRA petition, Cooper asserted that he had a newly discovered fact that constituted an exception to the PCRA's timeliness requirements,[3] *i.e.*, that Attorney Renfroe was addicted to alcohol and controlled substances at the time of trial. This Court found that Cooper's allegations concerning Attorney Renfroe failed to establish a newly discovered fact satisfying the time-bar exception. *See id*.

In March 2021, Cooper filed the instant *pro se* PCRA petition asserting government interference regarding his claim concerning Attorney Renfroe,[4] and an amended petition in March 2022. In December 2022, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, to which

---

[2] The PCHA was modified in part, repealed in part, and renamed the PCRA by the Act of April 13, 1988.

[3] *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

[4] *See* 42 Pa.C.S.A. § 9545(b)(1)(i).

Cooper did not file a response. The court did not order Cooper to file a Rule 1925(b) statement and he did not do so.

On appeal, Cooper presents the following issues for our review:

[1.] Whether the cumulative effects of the Commonwealth's concealment of after trial material evidence of trial counsel's fitness and mental health and drug addiction constitute interference?

[2.] Whether [Cooper] would more likely than not have received a different ruling with the [undisclosed] evidence or in its absence, received a fair appellate review?

[3.] Whether an actual duty existed for after discovered evidence to be made known to [Cooper] by the Commonwealth?

[4.] Whether the judgment against [Cooper] is questionable under the 1985-1985 representation of Attorney Adam O. Renfroe?

Cooper's Brief at Ab.

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

- 3 -

A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S.A. § 9545(b)(3). Cooper's judgment of sentence became final on March 15, 1988, ninety days after the December 16, 1987 denial of his petition for Pennsylvania Supreme Court review when his time for filing a petition for writ of *certiorari* expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13.1. Cooper had until March 15, 1989 to file the instant PCRA petition, but did not do so until March 2021. Thus, Cooper's petition is facially untimely under the PCRA, precluding review of the merits of the issues raised in the petition, absent a time-bar exception. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii) the facts upon which the claim is predicated were unknown

> to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented," 42 Pa.C.S.A. § 9545(b)(2), which require the petitioner to plead and prove the exercise of due diligence in obtaining the information. **See Commonwealth v. Bankhead**, 217 A.3d 1245, 1248 (Pa. Super. 2019). The government interference exception applies when "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." **Id**.

Cooper claims that the Commonwealth knowingly concealed information concerning Attorney Renfroe's drug addiction. The PCRA court stated that Cooper failed to identify any interference by government officials or explain how the alleged interference prevented him from filing a timely petition. It accordingly dismissed the petition. **See** PCRA Court Opinion, 1/20/23, at 2 (unnumbered).

Cooper cannot successfully invoke the government interference exception because he has known for decades about Renfroe's substance abuse. **Cf**. **Cooper**, No. 3140 EDA 2007) (unpublished memorandum at 6)

(rejecting Cooper's claim that Renfroe's drug addiction was a newly-discovered fact where Cooper asserted that fact in a February 1999 PCRA petition). *See also* PCRA Court Opinion, 1/20/23, at 2 n.3 (noting that Cooper has asserted ineffective assistance of prior counsel concerning Renfroe's drug addiction since 1999). Cooper cannot satisfy the government interference exception or show that he timely asserted his claim with the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(i), (b)(2); *Bankhead*, 217 A.3d at 1248. Because Cooper did not establish a valid time-bar exception, the PCRA court properly determined that it was without jurisdiction to consider his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/6/2023