J-S22040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :            PENNSYLVANIA
        :
        v.                     :
        :
        :
PHU D. NGUYEN             :
        :
        Appellant        :     No. 2285 EDA 2021

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0704102-1997

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:         **FILED DECEMBER 28, 2022**

Phu D. Nguyen ("Nguyen") appeals from the order dismissing his untimely serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On August 4, 1995, [Nguyen], with four co-defendants, conspired to rob a massage parlor. [Nguyen], acting as a "look out," aided his co-conspirators in fatally shooting a security guard[] and robbing several of the parlor's employees and customers.
>
> [In] May [] 1997, . . . Nguyen[] was arrested and charged with [m]urder and related offenses. [In] March [] 1999, a jury convicted [Nguyen] of [s]econd-[d]egree [m]urder, [c]onspiracy, and four counts of [r]obbery. [The trial court] sentenced [Nguyen on the date of his verdict] to life imprisonment without the possibility of parole for [s]econd-[d]egree [m]urder. Further

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

sentencing was deferred until April [] 1999, when [the court] imposed concurrent terms of ten to twenty years of imprisonment for [c]onspiracy[] and five to ten years of imprisonment for each count of [r]obbery.

[Nguyen] appealed[,] and . . . the [Pennsylvania] Superior Court affirmed his judgment of sentence. On April 22, 2003, the [Pennsylvania] Supreme Court denied [Nguyen's] [p]etition for [a]llowance of [a]ppeal. [In] July [] 2015, [Nguyen] filed a *pro se* [PCRA] . . . petition, his first. [In] March [] 2017, th[e PCRA c]ourt dismissed the petition. [Nguyen] did not appeal.

PCRA Court Opinion, 10/7/21, at 1-2 (footnote omitted; paragraphs re-ordered for clarity). Nguyen filed several subsequent PCRA petitions in February 2018, June 2019, and October 2019, each of which the PCRA court dismissed. ***See id***. at 1-2.

On September 10, 2020, Nguyen filed his next serial PCRA petition in which he asserted:

Petitioner contends that on ***March 30, 2020***, he first learned of the previous Administration in the Philadelphia District Attorney's Office ethical credibility issues on ***February 19, 2019***, when an investigation by the Philadelphia Inquire [sic] revealed that "this is a pattern we're seeing of old cases, where prosecutors weren't attuned to their constitutional and ethical disclosure responsibility as they are now." . . . Petitioner contends that he first learned of Officers David Baker and Thomas Augustine's credibility issues ***on February 13, 2018***, when an investigation by the Philadelphia Inquire [sic] revealed that Officers Baker and Augustine was [sic] on the Commonwealth's "do not call" list.

PCRA Petition, 9/10/20, at ¶ 3 (emphasis added). The PCRA court dismissed Nguyen's petition on November 19, 2020.

On August 19, 2021, Nguyen filed his present PCRA petition. On August 30, 2021, the PCRA court issued its notice of intent to dismiss pursuant to

Pennsylvania Rule of Criminal Procedure 907. Nguyen did not respond to the court's Rule 907 Notice. The PCRA court dismissed Nguyen's petition on October 7, 2021. *See* Order, 10/7/21. Nguyen timely appealed. The PCRA court did not order Nguyen to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Nguyen raises the following issue for our review: "Whether the PCRA court erred in dismissing [Nguyen's] petition . . . without a hearing [based] on the now-overruled public record presumption[,] and whether [Nguyen] qualified for an exception to the time requirements in 42 Pa.C.S.[A.] § 9545(b)(1)(i) and (ii), and [the] witness's credibility was relevant ?" Nguyen's Brief at 2.

Our standard of review is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA Court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, our Supreme Court denied Nguyen's petition for allowance of appeal on April 22, 2003; therefore, his judgment of sentence became final after the ninety-day period for appeal to the United States Supreme Court expired, *i.e.*, on July 21, 2003. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Bankhead**, 217 A.3d 1245, 1247 (Pa. Super. 2019); U.S. Sup. Ct. R. 13.1. Nguyen's present petition, filed August 19, 2021, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition if no exception is pleaded and proven).

Section 9545(b)(1)(i) provides an exception to the jurisdictional time-bar if a petitioner pleads and proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42

Pa.C.S.A. § 9545 (b)(1)(i). Section 9545(b)(1)(ii) provides an exception to the PCRA's timeliness requirement if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. *See Commonwealth v. Lopez*, 249 A.3d 993, 1000 (Pa. 2021). A "newly identified source in further support for . . . previously known facts" is insufficient to satisfy section 9545(b)(1)(ii). *Id*. at 1000.

Any PCRA petition invoking one of the timeliness exceptions in section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted, emphasis in original). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Taylor*, 65 A.3d at 468.

Nguyen contends the PCRA court erred in dismissing his untimely petition because, he maintains, he properly pleaded the governmental

interference and newly discovered facts exceptions under 42 Pa.C.S.A. § 9545(b)(1)(i), (ii). The gravamen of Nguyen's issue is his assertion that he discovered "additional evidence" undermining Officer Baker's credibility which he contends are "newly discovered facts." Nguyen's Brief at 2. Nguyen argues that Officer Baker—whose testimony Nguyen argues "was critical to the Commonwealth's case"—had "credibility issues," as reflected by an investigative report by the *Philadelphia Inquirer* that "revealed that Officer Baker was on the Commonwealth's 'do not call' list." Nguyen's Brief at 2, 9. Nguyen alleges he only discovered the Philadelphia Inquirer article on May 7, 2021. ***See id***. at 3. Nguyen further argues that he learned in June 2021 that the Commonwealth, via the Philadelphia County District Attorney's Office Conviction Integrity Unit ("CIU") has conceded in a press report that Officer Baker had "credibility issues." ***See id***. at 3-4. Nguyen maintains that these allegations satisfy the governmental interference and newly discovered facts exceptions to the PCRA's timeliness requirement pursuant to section 9545(b)(1)(i), (ii).

The PCRA court considered Nguyen's arguments and concluded they lack merit:

> The two documents that [Nguyen] attaches to his petition detail a history of wrongful convictions, which stemmed from abuses in both the Philadelphia Police Department and the Philadelphia District Attorney's Office. These documents, while new, do not contain newly-discovered facts; instead, they are a new source of previously known facts. The litany of law enforcement officials who have abused their authority, or in some cases committed criminal acts, have been well documented and

publicized. ***[Nguyen] has even included newspaper articles detailing these abuses in his previous PCRA petitions.*** [Nguyen's] article and the [Conviction Integrity Unit] report appended to the instant petition do not contain newly-discovered facts and therefore the instant petition is untimely. Th[e PCRA c]ourt is without jurisdiction to address the merits of the instant claim.

PCRA Court Opinion, 10/7/21, at 5 (emphasis added).

Following our review, we discern no error by the PCRA court. We first note that although Nguyen cites the governmental interference and newly discovered facts exceptions to the PCRA's timeliness requirement, Nguyen's argument hinges solely on his asserted "newly discovered facts" regarding Officer Baker's credibility. ***See*** Nguyen's Brief at 2, 7-9. Nguyen fails to explain how his failure to raise this claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States, and, accordingly, his governmental interference issue is undeveloped and thereby waived. ***See***, ***e.g.***, ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1135 (Pa. Super. 2021) (noting that pursuant to section 9545(b)(1)(i), "In order to establish the governmental interference exception, a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence"); ***see also Commonwealth v. McMullen***, 745 A.2d 683, 689 (Pa. Super. 2000) (holding that "[w]hen the appellant fails to adequately

develop his argument, meaningful appellate review is not possible") (internal citation and quotations omitted).

Germane to Nguyen's assertion of the newly discovered facts exception pursuant to section 9545(b)(1)(ii): Nguyen alleges he only learned of Officer Baker's "credibility" issues following a May 7, 2021 newspaper report and subsequent press release by the CIU. *See* Nguyen's Brief at 3. The PCRA court, however, observed that the record contradicts Nguyen's allegations because he demonstrated in his prior PCRA petition that he knew these facts earlier. *See* PCRA Court Opinion, 10/7/21, at 5. Our review of the record reveals that Nguyen raised the issue of Officer's Baker's credibility and his placement on the Commonwealth's "do not call" list in his prior September 10, 2020 PCRA petition. Further, in that September 2020 petition, Nguyen provided three dates on which he learned these facts: February 13, 2018, February 19, 2019, and March 30, 2020. *See* PCRA Petition, 9/10/20, at ¶ 3. Nguyen has thus previously raised the issue of Officer Baker's credibility and his placement on a "do not call list" in his prior untimely petition. Accordingly, he cannot satisfy the newly discovered facts exception to the PCRA's jurisdictional time-bar. *Cf*. 42 Pa.C.S.A. § 9545(b)(1)(ii) (requiring the petitioner to show that the *facts* on which the claim is predicated were unknown); *Lopez*, 249 A.3d at 1000 (stating that a "newly identified source in further support for . . . previously known facts" is insufficient to satisfy

- 8 -

section 9545(b)(1)(ii)").[2]  Thus, Nguyen failed to plead an exception to the PCRA's timeliness requirement,[3] and, therefore, the PCRA court's findings are thus supported by the record, and the court committed no error in dismissing his untimely petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022

_____

[2] We observe that Nguyen argues the PCRA court erred in dismissing his petition in light of our Supreme Court's decision in **_Commonwealth v. Small_**, 238 A.3d 1267, 1271, 1282, 1284 (Pa. 2020), in which the Court disavowed the "public records presumption," under which PCRA courts could presume that petitioners know facts of public record.  **_See_** Nguyen's Brief at 8-9.  Since we conclude Nguyen had actual prior knowledge of the facts asserted in his latest PCRA petition, he has accordingly failed to show his claim is predicated on a newly discovered fact.  Therefore, his arguments premised on **_Small_** are not relevant to our disposition.

[3] We further note that, even if Nguyen had not waived his governmental interference issue, he could not satisfy this exception because section 9545(b)(1)(i) requires the petitioner to show "the **_failure to raise the claim previously_** was the result of interference by governmental officials with the presentation of the claim . . .." (emphasis added), yet Nguyen has previously raised the issue of Officer Baker's credibility and placement on a "do not call list."