J-S33040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC CACHO | : | |
| | : | |
| Appellant | : | No. 1142 EDA 2022 |

Appeal from the PCRA Order Entered April 7, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1008121-1999

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JANUARY 20, 2023**

Eric Cacho ("Cacho") appeals *pro se* from the order dismissing his untimely serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court previously provided the following summary of the factual and procedural history of this case:

> Following a jury trial . . ., [Cacho] was found guilty of third[-]degree murder, possessing instruments of crime, aggravated assault, [recklessly endangering another person], and [carrying a firearm without a license, all stemming from an incident in February 1999 during which Cacho shot his victim, Michael Sanchez, outside of a bar]. [Cacho] was sentenced to consecutive terms of imprisonment of 20 to 40 years [f]or third[-]degree murder, 10 to 20 years for aggravated assault, 3 ½ to 7 years for [carrying a firearm without a license], 2 ½ to 5 years for [p]ossessi[ng] instrument[s] of crime, and 2 ½ to 5 years for [recklessly endangering another person]. [Cacho filed a direct appeal,] and the Superior Court affirmed the [j]udgment of

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[s]entence on May 19, 2004. [Cacho] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

PCRA Court Opinion, 8/28/12, at 1; *see also Commonwealth v. Cacho*, 909 A.2d 867, No. 2960 EDA 2005 (Pa. Super. 2006) (unpublished memorandum at *2-*3) (detailing the factual history of this case). Cacho filed several PCRA petitions in the intervening years.

On February 12, 2019, Cacho filed the instant PCRA petition, *pro se*, in which he alleged the trial judge gave a constitutionally defective jury instruction and that trial counsel, and "all prior counsel," were ineffective for failing to recognize that the jury instruction was deficient. *See* PCRA Petition, 2/12/19, at p. 3. On December 22, 2021, the PCRA court issued a notice of intent to dismiss Cacho's petition as untimely pursuant to Pa.R.Crim.P. 907. Cacho filed no response to the court's Rule 907 notice, and the court dismissed his petition on April 7, 2022. Cacho timely appealed. The PCRA court did not order Cacho to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2]

Cacho raises the following issues for our review:

1. Did the PCRA court err in conflating the facts revealed in *Brooks v. Gilmore*, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017) [(unreported)] with the court's final conclusion in that matter to conclude [that Cacho] attempted to rely upon a judicial decision to invoke the unknown facts exception to the PCRA?

---

[2] The PCRA court nevertheless authored a Rule 1925(a) opinion explaining its ruling.

- 2 -

2.      Did the PCRA court err in misapplying the after-discovered facts exception to the PCRA in this case by concluding the court's factual findings in **Brooks v. Gilmore** . . . did not present a new fact that was unknown to [Cacho]?

Cacho's Brief at 8 (unnecessary capitalization omitted).

Our standard of review is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  We view the record in the light most favorable to the prevailing party in the PCRA Court.  We are bound by any credibility determinations made by the PCRA court where they are supported by the record.  However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

As both of Cacho's issues hinge on whether the PCRA court properly dismissed his untimely petition, we address his issues together.  Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.  **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, this Court affirmed Cacho's judgment of sentence on May 19, 2004, and Cacho did not petition our Supreme Court for allowance of appeal. Accordingly, his judgment of sentence became final thirty days later, *i.e.*, on June 18, 2004, and he had one year from this date to file a timely PCRA petition, *i.e.*, by June 20, 2005.[3] **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 1113(a). Cacho's present petition, filed February 12, 2019, is thus facially untimely.

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition if no exception is pleaded and proven). Section 9545(b)(1)(ii) provides an exception to the PCRA's timeliness requirement if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). "[J]udicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii)." **Commonwealth v. Kretchmar**, 189 A.3d 459, 467 (Pa. Super. 2018). **Accord Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa.

_____

[3] The thirtieth day after May 19, 2004 was June 18, 2004; however, June 18, 2005 fell on a Saturday. **See** 1 Pa.C.S.A. § 1908.

2011) (stating that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA").[4]

Cacho argues his trial judge gave a jury instruction that was "unconstitutional as it elevated the level of doubt required for acquittal in violation of clearly established [f]ederal [l]aw as announced by the United States Supreme Court," and recognized by a federal district court in **Brooks v. Gilmore**. **See** Cacho's Brief at 10. Cacho maintains he learned about the unconstitutionality of the jury instruction through a newspaper article on January 2, 2019. **See id**. at 11. Cacho argues that his newly discovered fact is the unconstitutionality of the jury instruction. **See id**. at 11, 16. Lastly, Cacho maintains the PCRA court erred because it "presumed [he] had prior knowledge of the unconstitutional nature of the instruction yet failed to challenge it." **Id**. at 20.

The PCRA court considered Cacho's assertions and determined they lack merit:

> [F]or this [c]ourt to have jurisdiction to review the merits of your claim, the burden falls upon you to plead and prove that one of the enumerated exceptions to the timeliness provision set forth

---

[4] Further, any PCRA petition invoking one of the timeliness exceptions in section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). **See also Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] must still comply with section 9545(b)(2) by presenting the claim within [one year] of discovering the new fact") (internal citations and emphasis omitted).

- 5 -

in 42 [Pa.C.S.A.] § 9545(b) applies to your case. You arguably are trying to establish the newly-discovered fact exception, § 9545(b)(1)(ii), by including an article about a reasonable-doubt jury instruction charge . . . that contained a hypothetical which was determined to be improper. In support of your claim, you submit also a portion of a trial transcript which appears to be from your trial that includes similar but not identical language to the reasonable doubt charge determined to be improper. **See** PCRA Petition 2/12/2019.

[J]udicial decisions do not qualify as previously-unknown facts. **See Commonwealth v. Watts**, 23 A.3d 980, 986 ([Pa.] 2011) (holding, a judicial opinion does not qualify as a previously-unknown fact capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA).

\* \* \* \*

As you fail to plead and prove one of the exceptions to the PCRA time-bar, this [c]ourt is without jurisdiction to consider the merits of your claim or offer any form of relief. Accordingly, this [c]ourt is constrained to dismiss your petition as untimely without exception.

Rule 907 Notice, 12/22/21, at 1-2 (footnote omitted).

Following our review, we discern no error by the PCRA court. Cacho's PCRA petition was facially untimely. The PCRA therefore required Cacho to plead an exception to the timeliness requirement. Cacho asserts that he only learned that the trial court's jury instruction was defective in January 2019 and that he promptly filed his PCRA petition thereafter. Yet this Court, as well as our Supreme Court, have regularly held that judicial opinions are not facts for purposes of establishing a newly discovered fact exception to the PCRA's timeliness requirement pursuant to section 9545(b)(1)(ii). **See Kretchmar**,

189 A.3d at 467; **Watts**, 23 A.3d at 987.[5] As Cacho failed to establish a newly discovered fact exception to the PCRA's timeliness requirement, the PCRA court correctly concluded it lacked jurisdiction over Cacho's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2023

_____

[5] We observe that our Supreme Court recently agreed that a similar jury instruction was deficient based on the reasoning in **Brooks**. **See Commonwealth v. Drummond**, --- A.3d ----, No. 28 EAP 2021, 2022 WL 17171610 at *14 (Pa. 2022). This, however, does not impact our timeliness analysis. Drummond raised this issue in a timely PCRA petition. We further observe that, while the faulty jury instruction satisfies the arguable merit prong of the ineffectiveness test, a petitioner would still have to prove that counsel lacked a reasonable basis for failing to object to the instruction, and, further, "it is well-settled that counsel cannot be held ineffective for failing to anticipate a change in the law." **Id**. (footnotes and quotations omitted).