J-S33038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELWOOD JOHNSON | : | |
| | : | |
| Appellant | : | No. 574 EDA 2022 |

Appeal from the PCRA Order Entered February 1, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0009065-2006

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 26, 2023**

Elwood Johnson ("Johnson") appeals *pro se* from the denial of his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In September 2006, police began investigating Johnson's involvement in a drug trafficking organization ("the organization").  A confidential informant ("CI") told the authorities Johnson possessed and sold cocaine.  The CI conducted three controlled purchases of narcotics from Johnson; during each, Johnson drove the same black Honda.  Through surveillance, the police confirmed Johnson would often drive that car to his mother's house at 1317 Locust Street in Norristown.  In October 2006, a second CI told police that Johnson stored illegal drugs at his mother's home.  ***See Commonwealth v. Johnson***, 11 A.3d 1014 (Pa. Super. 2010) (unpublished memorandum at *1).

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Police obtained court orders to intercept the telephone conversations of several members of the organization, including Johnson. The intercepted conversations revealed Johnson had purchased cocaine from the leader of the organization in October 2006. Conversations between Johnson and that man confirmed Johnson sold the cocaine he bought and planned to buy more. Later that month, police officers executed a search warrant for Johnson's mother's home and recovered nearly 250 grams of cocaine. They also arrested the leader of the organization and another member, who both agreed to testify against Johnson at trial. **See id**.

The Commonwealth filed a criminal complaint against Johnson in October 2006 ("the October complaint"), then withdrew it and filed a complaint that included additional charges in November 2006 ("the November complaint"). At a preliminary arraignment later that month, the court advised Johnson of the additional charges. **See id**. at *5.

In December 2007, Johnson filed a pre-trial motion to suppress the evidence obtained during the search of his mother's home, asserting the absence of probable cause to support the issuance of the search warrant. Johnson further argued the warrant contained material misrepresentations and omitted material information. In September 2008, the court denied Johnson's suppression motion. **See id**. at *1; **Commonwealth v. Johnson**, 108 A.3d 120 (Pa. Super. 2014) (unpublished memorandum at *8).

The jury convicted Johnson of possessing a controlled substance with intent to deliver, violation of the corrupt organizations act, and related offenses. The court sentenced Johnson to an aggregate term of sixteen and one-half to thirty-three years of imprisonment. This Court affirmed Johnson's judgment of sentence on direct appeal. *See Johnson*, 11 A.3d 1014. Our Supreme Court denied allowance of appeal on March 9, 2011. *See Commonwealth v. Johnson*, 20 A.3d 485 (Pa. 2011).

Johnson filed a series of unsuccessful PCRA petitions. Relevant to this appeal, his first PCRA petition alleged trial counsel's ineffectiveness for failing to challenge alleged material misrepresentations in, and omissions from, the search warrant and affidavit of probable cause, *see* PCRA Court Opinion, 5/2/22, at 2 n.4; his fourth PCRA petition asserted that the October 2006 complaint, which he allegedly first received in 2012, did not include all of the charges against him, the October 2006 complaint constituted *Brady*[2] material, and his delayed discovery of the October 2006 complaint satisfied the government interference and newly-discovered facts exceptions to the jurisdictional time bar, *see Johnson*, 108 A.3d 120 (Pa. Super. 2014) (unpublished memorandum at *4-5);[3] and his eighth PCRA petition alleged

---

[2] *See Brady v. Maryland*, 373 U.S. 83 (1963) (addressing the prosecution's obligation to provide a defendant with exculpatory information).

[3] In affirming the dismissal of Johnson's petition on timeliness grounds, this Court specifically noted that Johnson *had* been informed of the charges in the
*(Footnote Continued Next Page)*

- 3 -

that the case file did not contain an arrest warrant and he only obtained a copy of that warrant when his family requested it. *See Commonwealth v. Johnson*, 224 A.3d 788 (Pa. Super. 2019) (unpublished memorandum at *8-9).

In August 2021, Johnson filed the instant *pro se* PCRA petition, in which he asserted that he established the government inference and newly-discovered facts exceptions to the time-bar, *see* 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii), based on his recent discovery that the arrest warrant had been absent from his case file for eight years, and of new facts contained in the October 2006 complaint and probable cause affidavit. *See* Petition for Post Collateral Relief, 8/4/21, at 2-7. Johnson also alleged that the Commonwealth violated *Brady* by failing to disclose the October 2006 complaint and probable cause affidavit. *See id*.

Private counsel entered his appearance. The PCRA court issued a notice of intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907, noting that in Johnson's eighth PCRA petition he had alleged unawareness of the arrest warrant until 2018, and that this Court had affirmed the denial of that petition as untimely filed. *See* Notice of Intent to Dismiss, 11/5/21, at

---

October 2006 complaint at his November 2006 preliminary hearing and informed of the charges in the November complaint at his preliminary arraignment later in November 2006. *See Johnson*, 108 A.3d 120 (unpublished memorandum at *6-8). This Court also noted that at a 2008 suppression hearing, the trial court addressed the existence of probable cause for the search warrant. *See id*. at *6.

2, citing *Commonwealth v. Johnson*, 224 A.3d 788 (Pa. Super. 2019) (unpublished memorandum at *4) (rejecting Johnson's claim that he was unaware that there was no arrest warrant in this case). Johnson filed a *pro se* response. Private counsel filed a motion to withdraw as counsel. The PCRA court dismissed Johnson's petition. Johnson filed a timely notice of appeal. Both he and the PCRA court complied with Pa.R.A.P. 1925.

Johnson presents the following issues for appellate review:

[1.] Whether the [PCRA] court abused its discretion when declaring [Johnson's] PCRA petition time-barred, when [Johnson] filed within the one year mandate of § 9545(b)(2), after discovering newly-discovered facts and go[v]ernmental interference . . . ?

[2.] Whether the [PCRA] court abused its discretion by not giv[ing] [Johnson's] *Brady* claim a proper *Brady* analysis when [Johnson] has satisfied all three . . . prong[s] of *Brady* and the claim was supported by the record?

[3.] Whether PCRA counsel was ineffective for not filing an amended PCRA petition and/or not investigating [Johnson's] claims?

Johnson's Brief at 3.

Johnson's first issue implicates the timeliness of a PCRA petition. Our standard of review of the dismissal of a PCRA petition is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error. *See Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). The appellant bears the burden to demonstrate that the PCRA court erred and his claim merits relief. *See Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa. Super. 2019).

- 5 -

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date that the underlying judgment of sentence becomes final. *See* 42 Pa.C.S.A. §9545(b)(1). A judgment becomes final "at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Johnson concedes the untimeliness of the instant PCRA petition filed in August 2021 because he did not file it within one year of his convictions becoming final on June 9, 2011.[4] In his first issue, he asserts that he established the government interference and newly-discovered facts exceptions to the PCRA's timeliness requirements. *See* Johnson's Brief at 8; *see also* PCRA Petition, 8/4/21, at 2-3.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition

_____

[4] By rule, Johnson had ninety days after March 9, 2011 to petition for writ of *certiorari*. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Bankhead*, 217 A.3d 1245, 1247 (Pa. Super. 2019); U.S. Sup. Ct. R. 13.1. Because he did not do so, his judgment of sentence became final on June 9, 2011. Accordingly, Johnson had until June 9, 2012 to file a timely PCRA petition.

if no exception is pleaded and proven). The government interference exception permits adjudication of the substance of an otherwise untimely PCRA petition if the petitioner pleads and proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). The newly-discovered facts exception applies if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). A petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Johnson asserts that he established the time-bar exceptions because he only learned about the suppressed October 2006 complaint and arrest warrant in June 2021.

The PCRA court rejected Johnson's asserted exceptions related to the October 2006 complaint and the arrest warrant. It specifically noted that from Johnson's arrest until he filed the serial PCRA petition at issue, he has repeatedly raised issues of alleged inadequacies and omissions regarding the October 2006 complaint, the affidavit of probable cause, the arrest warrant, and the bills of information. *See* PCRA Court Opinion, 5/2/22, at 2. The PCRA court also repeated this Court's assertions that it "beggars belief" that

Johnson could have been unaware of the arrest warrant for more than one decade. **See id.** at 3, citing **Johnson**, 224 A.3d 788 (unpublished memorandum at *4).

The record supports the PCRA court's factual findings and legal conclusions. Johnson raised a claim concerning the October 2006 complaint in his fourth and eighth PCRA petitions. Thus, Johnson did not show that he recently discovered the October 2006 complaint. **See Johnson**, 108 A.3d 120 (unpublished opinion at *4-5). Similarly, Johnson cannot show concealment of the arrest warrant where he asserted a similar claim in his eighth PCRA petition. **See Johnson**, 224 A.3d 788 (unpublished opinion at *4). No time-bar exception therefore applies.

Johnson's second issue asserts that the PCRA court abused its discretion by declining to review his **Brady** claim. A **Brady** violation requires proof of three elements, *i.e.*, that: (1) the evidence withheld must be favorable to the accused either because it is exculpatory or because it is impeaching; (2) the state suppressed the evidence willfully or inadvertently; and (3) prejudice ensued. **See Commonwealth v. Natividad**, 200 A.3d 11, 26 (Pa. 2019). A defendant bears the burden to prove that the Commonwealth withheld or suppressed evidence. **See Commonwealth v. Ly**, 980 A.2d 61, 75 (Pa. 2009).

Johnson asserts that his claim satisfies the exception and entitles him to *de novo* review of his legal claim that the Commonwealth violated **Brady** by withholding the October 2006 complaint and arrest warrant.

The PCRA court stated that Johnson's **Brady** claim is premised on the withholding of documents from him that counsel in fact knew of and that Johnson has repeatedly cited during the course of PCRA proceedings, that Johnson's assertion that he had just been made aware of these documents was not credible, and therefore the **Brady** claim merited no further analysis. **See** PCRA Court Opinion, 5/2/22, at 3-4.

Evidence of record and Johnson's own pleadings establish that Johnson had the documents he claims were withheld from him for an extensive period of time. Because Johnson's **Brady** claim does not establish a valid time-bar exception, the PCRA court did not abuse its discretion by declining to analyze it further.

Johnson's final issue is a claim of PCRA counsel's ineffectiveness for not filing an amended PCRA petition, especially given the strength of his **Brady** claim. He claims that counsel had no reasonable basis for not doing so and that his failure to do so conveyed to the PCRA court that Johnson's claims lacked merit.

The PCRA court found that Johnson's underlying **Brady** claim had no merit and that Johnson suffered no prejudice from counsel's alleged failure to provide effective representation. **See** PCRA Court Opinion, 5/2/22, at 5.

We affirm the PCRA court's decision, although we do so on different grounds. ***See Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (recognizing that an appellate court may affirm a lower court's decision on any ground without regard to that the lower court relied upon). Ineffectiveness of PCRA counsel does not establish a time-bar exception where it does not wholly deprive a defendant of collateral review. ***See Commonwealth v. Stahl***, --- A.3d ---, ---, 2023 WL 1793571 at *2 (Pa. Super. 2023). Additionally, the Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), permitting a PCRA defendant to assert a claim of PCRA counsel's ineffectiveness for the first time on appeal, does not establish a time-bar exception that would allow review of a claim of ineffectiveness of serial PCRA counsel. ***See generally Stahl***, 2023 WL 1793571 at *4 (rejecting the assertion that initial PCRA counsel's ineffectiveness can establish the "new fact" exception to the time-bar).[5] Accordingly, Johnson fails to establish our jurisdiction to review his ineffectiveness claim.

Order affirmed.

---

[5] Even if reviewable, the ineffectiveness claim would fail because counsel cannot be ineffective for failing to raise a meritless claim, and Johnson has failed to establish any basis for a time-bar exception. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/2023</u>