J-S09035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW ALLEN LAWTON | : | |
| | : | |
| Appellant | : | No. 1264 WDA 2022 |

Appeal from the PCRA Order Entered October 3, 2022
In the Court of Common Pleas of Potter County
Criminal Division at No(s):  CP-53-CR-0000187-2010

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED:  April 28, 2023**

Matthew Allen Lawton ("Lawton") appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely.  We affirm.

In light of our disposition, we need not summarize the facts underlying Lawton's convictions.  We briefly note that this Court affirmed Lawton's judgment of sentence in February 2014, and our Supreme Court denied his petition for allowance of appeal on August 26, 2014.  Lawton subsequently filed three prior PCRA petitions to no avail.  Relevantly, Lawton timely filed a first PCRA petition, and the court appointed counsel ("first PCRA counsel"), who filed an amended PCRA petition.  The PCRA court denied relief, and this Court affirmed the order on appeal.  In his second PCRA petition, Lawton asserted that first PCRA counsel was ineffective, and the PCRA court dismissed

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

that petition as untimely. This Court affirmed that order on appeal. Most recently, in July 2021, this Court affirmed the dismissal of Lawton's third PCRA petition alleging newly discovered evidence, and our Supreme Court denied allowance of appeal in January 2022. *See Commonwealth v. Lawton*, 260 A.3d 147, 305 WDA 2021 (Pa. Super. 2021) (unpublished memorandum at 1-3) (summarizing the procedural history of Lawton's convictions and prior PCRA petitions), *appeal denied*, 270 A.3d 1105 (Pa. 2022).

Lawton filed the instant *pro se* PCRA petition, his fourth, in May 2022. Therein, Lawton asserted that our Supreme Court, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), recognized a new constitutional right that applies retroactively for collateral relief. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition as untimely. Lawton did not respond, and on October 3, 2022, the court entered an order dismissing Lawton's petition. Lawton timely appealed. The PCRA court did not order a Pa.R.A.P. 1925(b) statement, but filed a statement in lieu of a Rule 1925(a) opinion.

Lawton raises the following issues for review:

1. Did [Lawton] file his [s]econd PCRA [petition] in the right juri[s]diction for PCRA ineffectiveness of PCRA Counsel?

2. If [*Bradley*] is not retroactive[, i]t s[h]ould be for reasons stated in arguments.

Lawton's Brief at 2.

Our standard of review is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA Court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted).

Lawton's issues hinge on whether the PCRA court properly dismissed his instant fourth PCRA petition as untimely, and we address both issues together. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, our Supreme Court, on August 26, 2014, denied allowance of appeal from this Court's order affirming Lawton's conviction; therefore, his judgment of sentence became final after the ninety-day period for appeal to the United States Supreme Court expired, *i.e.*, November 24, 2014. Accordingly, Lawton had until November 24, 2015, to file a timely PCRA

petition. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also Commonwealth v. Bankhead***, 217 A.3d 1245, 1247 (Pa. Super. 2019); U.S. Sup. Ct. R. 13.1. Lawton's present petition, filed in May 2022, is thus facially untimely.

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition if no exception is pleaded and proven). Section 9545(b)(1)(iii) provides an exception to the PCRA's timeliness requirement if the petition asserts "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).[2]

Lawton's arguments are sparse but they suggest that ***Bradley*** should apply retroactively to allow the PCRA court to entertain the merits of his second PCRA petition in which alleged first PCRA counsel's ineffectiveness. The PCRA court concluded the timeliness exception at section 9545(b)(1)(iii) did not apply because while the ***Bradley*** Court held that a PCRA petitioner could raise claims of ineffectiveness at the first opportunity, including on

_____

[2] Further, any PCRA petition invoking one of the timeliness exceptions in section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Here, Lawton filed the instant petition within one year of the date our Supreme Court issued its decision in ***Bradley***.

appeal, it did not state that its holding applied retroactively. *See* Rule 1925(a) Statement in Lieu of Opinion, 11/21/22, at 1-2.

Initially, we note that Lawton's arguments fail to address any of the elements of the timeliness exception at section 9545(b)(1)(iii), and we may affirm on that basis alone. ***See Albrecht***, 994 A.2d at 1094 (noting that the appellant bears the burden of establishing that a PCRA timeliness exception applies). In any event, Lawton's reliance on ***Bradley*** as a timeliness exception is misplaced. The ***Bradley*** Court did not recognize a new constitutional right but addressed the procedures for considering claims of ineffective assistance of PCRA counsel on appeal in the same PCRA proceeding, not a subsequent PCRA petition. ***See Bradley***, 261 A.3d at 403-04 (stating that the Court's decision did not sanction "extra-statutory serial petitions"); ***see also Commonwealth v. Stahl***, --- A.3d ---, ---, 2023 WL 1793571 at *4 (Pa. Super. 2023) (concluding that "[n]othing in ***Bradley*** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right"). Thus, the ***Bradley*** Court did not recognize a new constitutional right nor did it hold that its decision would apply retroactively in the manner Lawton asserts it should. Accordingly, we agree with the PCRA court that ***Bradley*** does not constitute a timeliness exception under section 9545(b)(1)(iii) and that it lacked jurisdiction to consider Lawton's fourth PCRA petition. ***See Albrecht***, 994 A.2d at 1093.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/28/2023