J-S43005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT HUGH KIME | : | |
| | : | |
| Appellant | : | No. 877 MDA 2023 |

Appeal from the PCRA Order Entered May 10, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000844-2018

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: MARCH 12, 2024**

Robert Hugh Kime appeals from the order denying his Post Conviction Relief Act ("PCRA") petition for untimeliness. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In February 2019, Kime pleaded no-contest at one docket, and guilty at another, to charges of endangering welfare of children, corruption of minors, indecent assault, involuntary deviate sexual intercourse, and sexual assault.[1] The court sentenced him at both dockets to a total of four and a half to 10 years' imprisonment, on May 8, 2019. Kime filed a notice of appeal, but he ultimately discontinued the appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 4304, 6301, 3126, 3123, and 3124.1, respectively.

On August 23, 2021, Kime filed a *pro se* motion that he captioned as a "Motion to Dismiss Criminal Informations," which the court treated as a PCRA petition. The court appointed counsel. On February 25, 2022, Kime filed a second *pro se* motion to dismiss. He argued that his deadline for filing a PCRA petition should be extended because he did not have access to the prison law library due to COVID-19 restrictions.

The court held a hearing on the issue of timeliness on May 12, 2022. Kime was represented by counsel. Jill Fisher, Unit Manager at SCI Coal Township, and Kime testified. Fisher testified that when the COVID-19 pandemic started in March 2020, there was approximately one month where inmates could not use the law library. N.T., 5/12/22, at 28. She stated that after April 3, 2020, the law library was open on a limited basis. *Id.* Fisher indicated that an inmate could request access to the law library by writing their case name on a slip and submitting it to the librarian. *Id.* at 8. The librarian would then schedule them to come in "based on whatever she had available." *Id.* Fisher stated that at COVID-19's infancy, she was provided with a memo setting forth the prison law library's procedures. *Id.* at 9, Exh. 1. She testified that she handed out the memo to her group of inmates in her block, which included Kime. N.T. at 10, 12, 25. The memo gave priority access to the law library to inmates who were eligible to file PCRA or *habeas corpus* petitions. *Id.* at 9. Fisher indicated that the memo was also posted on the prison's bulletin board. *Id.* at 12.

Fisher stated that she spoke to Kime regularly, but she could not recall if Kime ever told her that he was being denied access to the law library. **Id.** at 13, 15. She testified that if an inmate had informed her that he was being denied access to the law library, she would "send an email to the librarian and say can you please try to schedule this person." **Id.** at 15, 27.

Kime testified that pre-COVID-19, an inmate could request to use the law library by writing to the librarian. **Id.** at 35. According to Kime, after COVID-19 hit, the prison was "in a total lockdown" and inmates had no access to the library from March 2020 to August 2021. **Id.** at 36-38. Kime denied ever receiving a memo about the law library procedures during COVID-19 and stated that if Fisher had posted something, he "never saw it." **Id.** at 39. Kime conceded that he never spoke to Fisher about access to the library to file a PCRA petition before the time deadline, but claimed he did not do so because he was under the impression that no library passes were being issued. **Id.** at 41-42.

The court dismissed the petition as untimely. This appeal followed. Kime raises the following issues:

A. Did the trial court err by finding that Mr. Kime's motion for post-conviction relief was untimely, given he was subjected to governmental interference pursuant to 42 Pa.C.S.A. § 9545(B)(1)(i) by lack of meaningful access to the prison law library during the COVID-19 pandemic, thereby violating his constitutional right to access the courts to pursue his PCRA claim?

B. Did the trial court err by failing to find that Mr. Kime's attorney was ineffective for neglecting to raise the issue of venue in CR-1361-2018, since counts one and two of that case were based

upon conduct that was alleged to have occurred one time in Somerset County, years before, thereby making those two counts not part of a single criminal episode?

Kime's Br. at 2-3 (suggested answers omitted).

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Any petition for PCRA relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii).

Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). The PCRA's time restrictions are jurisdictional, and "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

Kime's instant PCRA petition was filed two years after his judgment of sentence became final. Therefore, the petition is facially untimely, and Kime was required to plead and prove at least one of the time-bar exceptions.

Kime argues his petition is timely under the governmental interference exception to the PCRA time-bar. Kime's Br. at 9. His claim is that he lacked meaningful access to the prison law library during the COVID-19 pandemic. *Id.* Kime maintains that this lack of access to the law library violated his constitutional right to access the courts and thus constituted a governmental interference. *Id.* at 10-11.

To establish the governmental interference exception, a petitioner must plead and prove that the government interfered with the petitioner's ability to present a claim, "in violation of the Constitution or laws of this Commonwealth

or the Constitution or laws of the United States." ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i). The petitioner must show that he would have filed his claim sooner, if not for the interference of a government actor. ***Commonwealth v. Staton***, 184 A.3d 949, 955 (Pa. 2018). Relevant here, "without an assertion of illegality on the part of government officials, restrictions on access to prison resources [do] not qualify a petition for the governmental interference exception." ***Commonwealth v. Bankhead***, 217 A.3d 1245, 1248 (Pa.Super. 2019); ***see also Albrecht***, 994 A.2d at 1095.

Here, Kime failed to prove that prison officials interfered with his ability to present a timely PCRA claim. First, there were no COVID-19 restrictions in place from July 2019, when the judgment became final, until March 2020. Therefore, Kime had almost eight months to research and prepare his PCRA petition before the restrictions were put into place. Further, by Kime's own testimony, he did not even attempt to access the law library before the end of the PCRA deadline. While he testified that he was under the impression that he could not access the library during the pandemic, he presented no evidence, such as notices or directives from the prison, that supported his claim and the PCRA court apparently did not credit his testimony. In fact, Kime conceded that he never spoke to Fisher about access to the library to file a PCRA petition. Moreover, Kime failed to describe how any alleged limited access to the law library during COVID-19 impeded his ability to file a timely PCRA petition. Nor did he plead or prove that the restrictions were illegal.

Since Kime's petition was untimely, we do not reach the merits of his claim of ineffective assistance of counsel for failing to raise a challenge to venue. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 654-55 (Pa.Super. 2013) (finding no jurisdiction to hear an ineffective assistance of counsel claim because of an untimely PCRA). The PCRA court correctly determined it did not have jurisdiction to decide the merits of Kime's petition, and it did not err in dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/12/2024