J-S43021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CESAR OBDULIO RODRIGUEZ | : | |
| AREVALO | : | |
| | : | |
| Appellant | : | No. 670 MDA 2023 |

Appeal from the PCRA Order Entered April 20, 2023
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000167-2018

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.*

MEMORANDUM BY KING, J.: **FILED: MAY 31, 2024**

Appellant, Cesar Obdulio Rodriguez Arevalo,[1] appeals from the order entered in the Franklin County Court of Common Pleas, which denied his petition pursuant to the Post Conviction Relief Act ("PCRA").[2] We affirm.

The relevant facts and procedural history of this case are as follows. On November 8, 2018, a jury convicted Appellant of two counts of attempted involuntary deviate sexual intercourse ("IDSI"), and one count each of

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant's name is spelled Arevalo in most court documents; however, Appellant has also spelled his name "Areralo." (**See, e.g.**, *Pro Se* Notice of Appeal, filed 5/10/23, and Proof of Service attached to Notice of Appeal). This Court has used both spellings in past decisions. Here, we elect to use the spelling "Arevalo" which was adopted by the PCRA court and used most often in Appellant's filings.

[2] 42 Pa.C.S.A. §§ 9541-9546.

attempted rape, indecent assault, and indecent exposure. The charges stemmed from Appellant sexually assaulting a 29-year-old male, who is on the Asperger's spectrum, in the locker room of a local gym. On December 19, 2018, the court sentenced Appellant to an aggregate term of 117 to 540 months of imprisonment. This Court affirmed Appellant's judgment of sentence on July 31, 2019, concluding that Appellant's claims were waived or underdeveloped. *See Commonwealth v. Arevalo*, No. 96 MDA 2019 (Pa.Super. filed July 31, 2019) (unpublished memorandum). Appellant did not seek further direct review.

Appellant filed his first PCRA petition on November 19, 2020. The PCRA court appointed counsel ("original PCRA counsel"), who filed a motion to withdraw and a *Turner*/*Finley*[3] no merit letter. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant filed a *pro se* response raising several issues, including the alleged ineffectiveness of original PCRA counsel. Thereafter, the PCRA court dismissed the petition as untimely and granted counsel's request to withdraw. Notably, the PCRA court had not addressed Appellant's claims of counsel's ineffectiveness prior to denying PCRA relief. Appellant timely filed a *pro se* appeal.

On June 7, 2022, this Court vacated and remanded for further

---

[3] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

proceedings, holding that Appellant had properly raised original PCRA counsel's ineffectiveness in failing to address Appellant's claim that COVID-19 restrictions had prevented him from filing a timely PCRA petition. Therefore, this Court remanded for the appointment of new counsel to review Appellant's *pro se* claims of original PCRA counsel's ineffectiveness, the filing of a supplemental brief addressing those claims, and further proceedings as the PCRA court deemed appropriate. ***See Commonwealth v. Areralo***,[4] No. 773 MDA 2021 (Pa.Super. filed June 7, 2022) (unpublished memorandum).

Following remand, on July 27, 2022, the PCRA court appointed counsel ("second PCRA counsel"), to represent Appellant. The PCRA court granted second PCRA counsel's motion for an evidentiary hearing, which the court conducted on December 1, 2022. At the hearing, Appellant presented the testimony of original PCRA counsel, who testified that he had communicated with Appellant via telephone and letters. Original PCRA counsel explained that he remembered Appellant complaining about the lack of access to the law library during their discussions, but counsel did not find any case law on point to excuse the untimely filing of a PCRA petition under such circumstances. Following the hearing, the PCRA court granted Appellant's request to file an amended PCRA petition.

---

[4] Unlike the prior panel addressing Appellant's direct appeal, this decision spells Appellant's last name as "Areralo."

- 3 -

On March 2, 2023, second PCRA counsel filed a motion to withdraw and a ***Turner*/*Finley*** no merit letter. On March 14, 2023, the PCRA court issued notice of its intent to dismiss the petition, again concluding that Appellant's petition was untimely. Specifically, the PCRA court explained that Appellant had failed to prove the governmental interference exception to the PCRA time-bar because Appellant failed to show that any condition of his incarceration, including his alleged lack of access to the law library, was illegal.

On April 6, 2023, Appellant filed a *pro se* response. On April 20, 2023, the PCRA court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw. Appellant timely appealed on May 5, 2023. That same day, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant ultimately filed a late concise statement of errors on July 5, 2023.[5]

---

[5] In its Rule 1925(a) opinion, the PCRA court deemed Appellant's appellate issues waived for failure to comply with the court's Rule 1925(b) order. At the time the PCRA court issued its opinion, Appellant had still not filed any Rule 1925(b) statement. Notwithstanding its waiver analysis, the PCRA court stated in the alternative that it would rely on its earlier opinion denying PCRA relief. Because the PCRA addressed the timeliness of the PCRA petition in its earlier opinion, and because this Court could also raise the issue of jurisdiction *sua sponte* in any event, we decline to find Rule 1925(b) waiver under the circumstances. ***See Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa.Super. 2009) (*en banc*) (stating "if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Preliminarily, we observe that the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Ballance***, 203 A.3d 1027 (Pa.Super. 2019), *appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, the court sentenced Appellant on December 19, 2018. This Court affirmed Appellant's judgment of sentence on July 31, 2019, and Appellant did not seek further direct review. Thus, Appellant's judgment of sentence became final 30 days later, on August 30, 2019. *See* Pa.R.A.P. 1113(a) (stating that petition for allowance of appeal in Supreme Court must be filed "within 30 days after entry of the order...sought to be reviewed"). *See also* 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from that date, or until August 30, 2020, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant did not file the current *pro se* PCRA petition until November 19, 2020, which is patently untimely. *See id.*

Appellant now attempts to invoke the governmental interference exception to the PCRA time-bar, arguing that he was incarcerated in the Franklin County Jail from August 28, 2019 through August 25, 2020, and had no access to a law library or computers during that time due to pandemic related restrictions. Appellant alleges that by denying his access to a law library, the government interfered with his ability to file a timely PCRA petition.

Nevertheless, this Court has previously rejected similar claims as a basis for overcoming the PCRA time-bar, in the absence of an assertion that the conditions of the petitioner's incarceration were illegal. *See, e.g., Commonwealth v. Bankhead*, 217 A.3d 1245, 1248 (Pa.Super. 2019) (stating: "[W]ithout an assertion of illegality on the part of government officers, restrictions on access to prison resources does not qualify a petition

for the governmental interference exception"); ***Commonwealth v. Rizvi***, 166 A.3d 344 (Pa.Super. 2017) (rejecting assertion of governmental interference exception to PCRA time-bar based on prison restrictions impairing ability to prepare *pro se* PCRA petition; petitioner failed to show that any of conditions of his incarceration were illegal as required to satisfy proffered time-bar exception); ***Commonwealth v. Lambing***, No. 399 WDA 2022 (Pa.Super. filed Apr. 21, 2023) (unpublished memorandum),[6] *appeal denied*, ___ Pa. ___, 305 A.3d 960 (2023) (rejecting assertion of governmental interference exception where appellant claimed that limited access to library resources and his restricted housing status frustrated any efforts to understand and invoke his rights to pursue collateral review, and where appellant did not allege that Department of Corrections administered its library or housing policies in violation of his rights under constitutional or state law as required to prove exception to time-bar).

Appellant had from August 30, 2019 until August 30, 2020, to file a timely PCRA petition. Significantly, in deciding that Appellant's petition was untimely, the PCRA court explained that second PCRA counsel had investigated Appellant's claim of lack of access to the library, and rejected that claim in his no merit letter because, "according to the Director of Inmates of Franklin County Jail, Franklin County Jail does have a library and [Appellant]

---

[6] ***See*** Pa.R.A.P. 126(b) (explaining we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

would have had access to it throughout his period of incarceration there." (PCRA Court Opinion, filed 3/14/23, at 6). Additionally, any pandemic related restrictions would not have prevented Appellant's access to the law library until March 2020, at the earliest. On this record, we agree with the PCRA court that Appellant's self-serving assertion that he did not have access, without more, is insufficient to prove that he was denied access in a way that violates his constitutional rights. (**See id.**) For these reasons, we reject Appellant's assertion of the governmental interference exception. **See Bankhead, supra**; **Rizvi, supra**. Therefore, Appellant's petition remains time barred.[7] Accordingly, we affirm.

_____

[7] On September 5, 2023, Appellant filed a petition in this Court asking us to remand for the PCRA court to consider Appellant's claims of second PCRA counsel's ineffectiveness, under **Commonwealth v. Bradley**, ___ Pa. ___, 261 A.3d 381 (2021) (holding that PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at first opportunity to do so, even if on appeal; requiring remand in some instances for PCRA court to evaluate such claims in first instance). Nevertheless, this Court has declined to extend the holding in **Bradley** to cases involving untimely or serial PCRA petitions. **See, e.g., Commonwealth v. Mead**, 277 A.3d 1111 (Pa.Super. 2022) (unpublished memorandum), _appeal denied_, ___ Pa. ___, 284 A.3d 1182 (2022) (emphasizing that **Bradley** involved timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition). Thus, we deny Appellant's application for relief seeking remand.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/31/2024